## REYNOLDS v. HARRIS.

|  8  | 617 |
| 123 | 585 |

The finding of a Court, like the verdict of a jury, is a matter of record, and copies thereof may be sufficiently authenticated by the certificate of the clerk.
It follows that the finding need not be embodied in a statement or bill of exceptions.

APPEAL from the District Court of the Eleventh Judicial District, County of Placer.

The appeal in this case having been dismissed on the ground that there was no properly authenticated statement or bill of exceptions, and a re-hearing being denied on the ground that the finding of the Court below was of itself no part of the record, unless embodied in a statement or bill of exceptions properly authenticated; and the appeal in this case being entitled to a hearing if the finding of the Court below is properly before this Court, and a review of the former opinion in this case being asked by several members of the bar of this Court:

BURNETT, J., delivered the opinion of the Court—FIELD, J., concurring.

We have been asked by several members of the bar, as *amici curiæ*, to review our opinion in this case denying the motion for a re-hearing. The question of practice is one of great importance; and as the *remittitur* has not yet been transmitted to the Court below, we most cheerfully accede to the request.

We have been referred to a number of decisions heretofore made by this Court, most of which have no bearing, direct or remote, upon the precise point involved. The precise question seems not to have been directly decided.

The one hundred and seventy-third section of the code requires the clerk to immediately record the verdict of the jury in full in the minutes; and the one hundred and seventy-eighth section requires the clerk to make an entry in the minutes, specifying the time of trial, the names of the jurors and witnesses, and the verdict, and, when a special verdict is found, either the judgment rendered thereon, or, if the case be reserved for argument or further consideration, the order thus reserving it.

From these provisions, it seems clear that the verdict must be recorded in full in the minutes; and, therefore, there can be no object in putting the verdict into the statement. The verdict, when entered, becomes a matter of record, and can be authenticated by the signature of the clerk, under the seal of the Court.

The code, in requiring a statement to be *annexed to the record* of the *judgment* or *order* appealed from, must have intended that the statement should contain that which was not otherwise matter of record. The object was to make that matter of record, which, without the statement, would not be such. For this reason, the code says the statement shall " contain the *grounds* on which the appellant intends to rely on the appeal, and so much of the *evidence* as may be necessary to *explain* the *grounds*, and no more." Whatever, therefore, would be matter of record without the statement, need not be included in it.

If, then, the verdict be a matter of record without the statement, will the finding of the Court, which stands in the place of the verdict, and equally forms the *basis* of the judgment, be such without the statement? There is no provision of the code requiring the finding to be entered in the minutes; but it must be filed with the clerk. Section one hundred and eighty. The reason why the verdict is required to be entered in full in the minutes, and the finding simply to be filed with the clerk, is obvious. The verdict is only signed by the foreman, and yet it must be concurred in by all the jurors; and, for this reason, the verdict is required to be entered in full, and read over to the jury in presence of the Court. But the finding of the Judge is his single act; and his signature, and the filing with the clerk,

are sufficient to make it matter of record. The statement itself becomes a record when certified by the Judge and filed with the clerk. And it may become a matter of record without the certificate of the Judge. §§ 338–9, 341–2. It would seem, therefore, that the signature of the Judge, and the filing with the clerk, would make both the finding and the statement equally matters of record; and, if matters of record, copies of them may be sufficiently authenticated by the certificate of the clerk.

I think the re-hearing should be granted.