## JOHN HOWARD, Respondent, v. JOHN RICHARDS and ELIAS RICHARDS, Appellants.

A complaint setting out a note in full, and alleging the execution and delivery to, and ownership thereof by plaintiff, and that there is " due, owing, and payable " a certain sum, is a good complaint, although it does not in direct terms allege the nonpayment of the note.

The cost bill is no part of the judgment roll, and where there is no statement or bill of exceptions, we cannot pass on its correctness. On a mere appeal from a judgment we cannot review any error which might occur in refusing to sustain a motion made, after the appeal was perfected, to strike out the cost bill.

The mistake in the calculation of the amount for which judgment should have been rendered, should have been corrected by motion in the lower Court.

Appellant having failed to make the application in that Court, we will make it here, but impose the costs on the appellant.

Per BEATTY, J.:

The proper practice in entering judgments is for the Clerk to enter the same within twenty-four hours after verdict, or order of Court for judgment,' leaving a blank for costs. If the cost bill is filed within two days after verdict, or order for judgment, the Clerk must fill the blank; otherwise it will always remain blank.

When the blank is filled up it must be considered as of the date of the judgment, and the judgment itself may, by relation, be considered as of the date of the decree for judgment.

In this case the judgment must be considered as of the date of the eighteenth of December, when the order for judgment was made; and it should have been entered up on that or the following day.

If no cost bill was filed within two days after date of order for judgment, none could afterwards be filed.

Where costs are improperly inserted in a judgment, it is the proper practice to move in the Court below to strike them out. But if that motion is denied, the appeal is from the judgment which is erroneous, and not from the order of the Court below refusing to correct the error.

Appeals from orders after judgment are allowed, not to correct erroneous judgments, but to correct some erroneous proceeding subsequent to and founded on a good judgment.

Section 284, of Practice Act, directs that certain papers shall be brought up on appeal; it does not in express terms prohibit other papers from being brought up.

The Constitution gives this Court the trial of cases on appeal, and the Legislature could not, if it would, deprive the Court of the power of examining such portions of the record as are necessary to determine all appeals.

The Legislature never intended to deprive this Court of the power to examine bills of exception and other parts of the record which are not mentioned in the two hundred and eighty-fourth section of the Practice Act.

We must look into the record to see if there is any foundation for a judgment appealed from. As the filing of a cost bill is the only thing that gives jurisdiction to enter up a judgment for costs, we must look to the record to see if any such bill has been filed, and if an examination of the cost bill filed shows error in the judgment for costs, that error must be corrected.

APPEAL from the District Court of the Eighth Judicial District, Hon. D. VIRGIN presiding.

The facts of this case are fully stated in the Opinion given in the case.

*W. H. Brumfield*, for Appellants, filed the following points:

*First.* The Court below erred in overruling the demurrer to the complaint.

1st. Copies of the notes sued on are embodied in the complaint to supply the place of a statement of facts, required by Section 39 of the Code. ' (*Prindle* v. *Caruthers*, 15 N. Y. Rep. 428; *Graves* v. *Palmer*, 15 Cal. 415.)

2d. The two causes of action are jumbled into one count, without the necessary facts to constitute *one* good *cause* of action, or *count*, as required by Secs. 39 and 53 of the Code. (*Telegraph C.* v. *Patterson*, 1st Nevada Reports, p. 150.)

*Second.* The Court rendered judgment " according to the prayer of the complaint," (instead of for the amount due on the notes, etc.) The complaint demands judgment for $158 more than appeared to be due on the notes set out.

*Third.* The judgment is entered by the Clerk some days after *judgment rendered*, and after the *appeal*. It includes a large cost bill which is not filed within the statutory time. The Statute not having been strictly complied with by the plaintiff and the Clerk, this part of the judgment as entered is without authority. (Code of Nevada, Secs. 453, 454; *Kelly* v. *Van Austin*, 17 Cal. 564;

*Chapin* v. *Broder*, 16 Cal. 418, 419; *Ex parte Burrill*, 24 Cal. 350; *Burnham* v. *Hays*, 3 Cal. 115, and cases cited.)

*I. Atwater*, for Respondent, made the following points:

The demurrer was properly overruled; the complaint does state a cause of action. (*Summers* v. *Farish*, 10 Cal. 350; *Graham* v. *Camman*, 13 How. Pr. 360; *Chappell* v. *Bissell*, 10 How. Pr. 274; *Appleby* v. *Elkins*, 2 Sand. 673.)

*Second.* The two notes constitute but one cause of action. No defect in the form of a statement can be taken advantage of upon this demurrer. (*Wilson* v. *Mayor, etc.*, 15 How. Pr. 500; *Moore* v. *Smith*, 10 How. Pr. 361; *Gooding* v. *McAllester*, 9 How. Pr. 127, 138, 436; 17 Howard Pr. 56 and 239.)

The Court did not err in rendering judgment according to the prayer of the complaint, there being no answer denying the amount prayed for to be correct. (*Beal* v. *Hayes*, 5 Sand. 640.)

The matter of costs cannot be reviewed on this appeal. The cost bill was not filed too late, as there was a stay of proceedings.

Even if regularly filed it does not affect the judgment. There is no appeal from the order refusing to strike out cost bill.

If there was any irregularity in filing cost bill it was in filing it before stay of proceedings expired. Of this appellants do not complain. (4 Cal. 286; 5 Cal. 410–417; 11 Cal. 361; *Eaton* v. *Caldwell*, 3 Min. 134; *Myers & Co.* v. *Irvine*, 4 Min. 553; *Stinson* v. *Huggins*, 9 How. Pr. 86; *Potter* v. *Smith*, 9 How. 262.)

Opinion by LEWIS, C. J., BROSNAN, J., concurring.

The complaint in this action was in the following form:

" John Howard, the plaintiff, complains of the defendants, John Richards and Elias Richards, and for his cause of complaint alleges that heretofore, to wit: on the nineteenth day of February, A.D. 1864, the said defendants made, executed, and delivered to the plaintiff their promissory notes in writing, of which the following are copies:

" NEVADA TERRITORY, DOUGLAS COUNTY, }
February 19th, 1864.                              {

" $1000.    On the first day of November next, for value received, we promise to pay John Howard, or bearer, the sum of One

Thousand Dollars in good lawful money of the United States of America.

" JOHN RICHARDS,
" ELIAS RICHARDS.

" DOUGLAS COUNTY, February 19th, 1864.
" $1000. On the first day of May, A.D. 1865, for value received, we promise to pay John Howard, or bearer, the sum of One Thousand Dollars in good and lawful money of the United States of America.

" JOHN RICHARDS,
" ELIAS RICHARDS.

" That said notes are long past due, that the plaintiff is now the legal holder and owner thereof, and that there is due and owing and payable thereon from the defendant to this plaintiff the sum of two thousand and three hundred and thirty-three dollars, for which sum the plaintiff prays judgment against said defendants, together with the costs of this action."

To this complaint the defendants interpose a general demurrer, which was overruled by the Court below, and upon the refusal of the defendant to answer, judgment was rendered in favor of plaintiff, in accordance with the prayer of his complaint, from which the defendants appeal.

It is argued here that the complaint is defective in not alleging the nonpayment of the notes, and that for that reason the demurrer should have been sustained.

In our judgment the complaint is sufficient, though it would have been a much better pleading had it contained a direct and positive allegation of nonpayment. By the rules of pleading which have grown up under the Code of Procedure or Practice Act, all of the mere formal parts of pleadings which the Common Law required are dispensed with, and nothing is now required but a concise statement of the facts necessary to be proven to entitle the party, plaintiff or defendant, to the relief claimed. A complaint is sufficient if it contains a clear, positive, and direct statement of facts which, if proven, will entitle the plaintiff to the relief which he seeks.

This complaint certainly contains allegations of all the principal facts which it would be necessary to establish to authorize a recov-

ery—the execution and delivery of the notes, the maturity, the ownership of the plaintiff, and that at the time of bringing the action there was " due, owing, and payable" thereon a certain sum of money. The establishment of these facts would have entitled the plaintiff to judgment for the amount due on the notes. But it is said the statement that there is a certain sum " due, owing, and payable" on them is not a sufficient allegation of nonpayment.

It is provided by Section 70 of the Practice Act, that " in the construction of a pleading, for the purpose of determining its effect, its allegations shall be literally construed, with a view to substantial justice between the parties ;" and Section 37 declares that " all forms of pleadings in civil actions, and the rules by which the sufficiency of the pleadings shall be determined, shall be those pre-scribed by this Act." When tested by the rule that pleadings must be liberally construed, with a view to substantial justice be-tween the parties, we could scarcely say, in a case of this kind, where the notes are fully set out, and the complaint shows the execution, delivery, maturity, and ownership of them, that the statement that there is a certain sum " due, owing, and payable " thereon is not a sufficient allegation of nonpayment. Indeed, the law presumes the nonpayment from the fact that they remain in the possession of the plaintiff. It is somewhat like the presumption of law that bills and notes are founded upon a sufficient considera-tion, and hence it is entirely unnecessary to allege a consideration in an action upon such instruments ; and yet a complaint upon any other species of simple contracts must show the consideration upon which it is founded, or it will be radically defective.

In the case of Allen v. Patterson, 7 N. Y. 476, it was held that a complaint was sufficient which in substance stated that the de-fendant was indebted to the plaintiff in a certain sum of money for goods, wares and merchandise, sold and delivered to the defendant at his request, on the first day of May, 1849, at the city of Buffalo ; that the items of account were twenty in number, and then con-cluding as follows : " And the plaintiffs say that there is now due them from the defendant the sum of three hundred and seventy-one dollars and one cent, for which sum the plaintiffs demand judg-ment." It has been said in some of the subsequent cases in New York that this complaint was not an authority as to the standard of

definiteness and certainty required in pleadings, but it was not considered so defective as to warrant the Court in sustaining the general demurrer interposed to it.  Nor does the case of *Allen* v. *Patterson* come within Section 162 of the New York code, which provides that in actions upon written instruments for the payment of money, it shall be sufficient to set out a copy of such instrument, and then state that there is a certain sum of money due thereon, because that was not an action brought on a written instrument.

Appellant claims that the case of the *State Telegraph Company* v. *Patterson*, 1 Nevada, sustains his view of the complaint in this case.   In that case we merely held that the facts upon which the plaintiff was entitled to recover should be stated—that it was not sufficient merely to state conclusions of law.   But where all the facts necessary to constitute a cause of action are alleged, as in this case, we did not hold that a statement of a conclusion of law would vitiate the pleading.   We conclude that the complaint is sufficient, and that the demurrer was therefore properly overruled.

As to the question raised upon the cost bill, we are unable to perceive how it can be reviewed upon this appeal.   There is no statement or bill of exceptions.   The appeal is simply from the judgment, which shows no irregularity in the allowance of costs.   The motions made by the appellant, long after the appeal was perfected, to strike out the cost bill cannot be reviewed upon an appeal from the judgment. The cost bill is no part of the judgment roll, and is not properly before us ; we cannot therefore inquire into its regularity, nor into any proceedings which were taken after the appeal from the judgment was perfected.

Where there is no statement, and the appeal is simply from the judgment, nothing is brought to the Appellate Court but the judgment roll.   (Practice Act, Section 280.)   The mistake in the calculation of the amount for which judgment should be rendered, ought to have been called to the attention of the Court below, and a motion made there to correct it, if that could be done.   Such a point cannot properly be raised in the Appellate Court for the first time. (*Abel Guy* v. *Edward Franklin*, 5 Cal. 417.)   However, we deem it our duty to correct the error, but to impose the costs of this appeal upon the appellant.

The Court below will therefore reduce the judgment one hundred

and fifty-eight dollars, which is the sum in excess of that for which properly judgment should have been rendered.

Opinion by BEATTY, J.

I concur in the opinion of the majority of the Court in every part thereof, except as to the judgment for costs. To make my views on that branch of the case more intelligible, I will make a succinct statement of the facts.

On the eighteenth of December, 1865, the Court ordered judgment to be entered for the plaintiff, as prayed for in his complaint. On the nineteenth, and before the judgment was formally entered up by the Clerk, the Court made an order staying proceedings for ten days to enable defendants to perfect an appeal.

A notice of appeal was served and filed on the twenty-eighth day of December, 1865.

On the twenty-ninth, the judgment was entered up by the Clerk, and on the same day, an undertaking on appeal was filed.

On the twenty-sixth of December, for the first time, plaintiff filed his cost bill, amounting to $194.75, which was included in the judgment entered by the Clerk on the twenty-ninth.

On the eighth of January, 1866, the defendants gave notice of intention to move to strike out the costs from the judgment. This motion was made, and the Court below refused to strike out the costs. Upon this state of facts, the question presented to our consideration is whether that part of the judgment which calls for costs should or should not be held to be erroneous.

Section 197, of the Practice Act, requires the Clerk, within twenty-four hours after verdict, (except in particular cases) to enter judgment in conformity therewith.

Section 453 provides that " the party in whose favor judgment is rendered, and who claims his costs, shall deliver to the Clerk of the Court, within two days after the verdict or decision of the Court, a memorandum of the items of his costs, etc., etc. Taking these two sections together, and it is plain what should be the proper practice. Whenever there is a general verdict for one of the parties to a suit, or an order of Court for judgment on either side, it becomes the duty of the Clerk to enter up the judgment within twenty-four hours after such verdict or order. But, as the suc-

cessful party has *two* days within which to file his cost bill, it is evident that the judgment may be entered one day before the time for filing expires.  Consequently, the Clerk in entering the judgment must of necessity leave a blank therein for the costs.  If the cost bill is filed in time, it becomes his duty to fill that blank.  If not filed in time, then the blank remains in the judgment, and cannot afterwards be filled.

But when the blank is filled in it becomes a part of the judgment, and must be for most, if not all purposes, considered as of the date of the judgment.  In the case of the *California State Telegraph Company* v. *Patterson*, 1st Nevada, 151, this Court held, that an appeal might be taken from a judgment when such judgment had been ordered by the Court, and a minute made of such order, although the formal judgment had not been regularly entered up by the Clerk.

And I think it must be held, that when the final judgment is entered, it may be treated as bearing date by relation as of the time the order for judgment was made.  At least for the purposes of appeal, it must be considered as of that date.  In this case, the judgment must be considered as of the date of the eighteenth of December, when the Judge ordered judgment to be entered.  The Clerk should have entered up the judgment either on the eighteenth or nineteenth of December, leaving a blank for the costs.  No cost bill being filed before the end of the twentieth, the judgment (had the Clerk performed his duty at the right time) would have become complete, and thereafter he could have made no entry in or alteration of the judgment.  But the Clerk did not in reality enter up the judgment until the twenty-ninth.  This, I think, could not alter the rights of the parties.  The judgment was rendered and the Clerk ordered to enter judgment on the eighteenth.  Within two days thereafter the plaintiff should have filed his cost bill.  Failing to do so, I am of the opinion he lost his right to costs.  (See *Chapin* v. *Broder*, 16 Cal. 418–19.)

Then if the plaintiff had no right to file his cost bill after the twentieth, how were the defendants to take advantage of that failure ?  Clearly, I think, by appealing from the judgment.  The costs were a part of the judgment, and if improperly included in the judgment it was error.  It might be very proper in such case,

after the judgment was by the Clerk made to include costs, to move in the lower Court to correct the judgment, and not to appeal from the judgment until the lower Court had refused relief. But if the lower Court did refuse to correct it, then the appeal would be from the judgment and not from the order refusing to correct the judgment.

The statute provides for appeals from orders made after judgment, but in such cases the appellant is not heard to complain of anything contained in the judgment. But appellant's theory is that the judgment itself is right, and the wrong is in something done after judgment. If the judgment, or any part of it, is to be attacked, the appeal must be from the judgment.

If, for instance, in this case, the Court below had stricken out the costs from the judgment, and the appeal had been by the plaintiff, then undoubtedly the appeal should have been directly from the order striking out. For the complaint would be, not that the judgment contained any error, but that an order made after judgment was erroneous. (See the case of *Maples* v. *Geller*, 1 Nevada, 233.)

Then, if the appeal from the judgment was the right remedy, the only other question is: Does the *record show* that the cost bill was filed too late? In other words: Is the fact judicially shown to us that the cost bill was filed at a date when the right to file had elapsed? Respondents contend that on an appeal from the judgment, where there is no statement, the Court can only look at the judgment roll. Section 203 of the Practice Act, in relation to judgment roll, reads as follows: "Immediately after entering the judgment, the Clerk shall attach together and file the following papers, which shall constitute the judgment roll: First—In case the complaint be not answered by any defendant, the summons, with the affidavit, or proof of service, and the complaint, with a memorandum indorsed on the complaint that the default of the defendant, in not answering, was entered, and a copy of the judgment. Second—In all other cases, the summons, pleadings, and a copy of the judgment, and any orders relating to a change of the parties."

Section 284 of the Act reads as follows: "On an appeal from a final judgment, the appellant shall furnish the Court with a copy of

the notice of appeal, the judgment roll, and the statement annexed, if there be one, certified by the Clerk to be a correct copy. On appeal from a judgment rendered on an appeal, or from an order, the appellant shall furnish the Court with a copy of the notice of appeal, the judgment or order appealed from, and a copy of the papers used in the hearing of the Court below; such copies to be certified by the Clerk to be correct. If any written opinion be placed on file in rendering the judgment, or making the order of the Court below, a copy shall be furnished. If the appellant fail to furnish the requisite papers, the appeal may be dismissed."

Now, whilst the last section says what papers an appellant shall bring before this Court, it does not say expressly that none others shall be brought; and even if it had said so, I am of the opinion such law would have been wholly inoperative, null and void. The Constitution gives the right of appeal to this Court. No law of the Legislature could deprive the Court of the power of looking into the record to determine the rights of appellant.

The Legislature may prescribe the terms and mode of taking appeals, and may limit the time within which appeals are to be taken; but, under the pretense of prescribing forms, it cannot deprive parties of substantial rights. But I am of opinion the Legislature never intended this Court to be restricted to the examination of these things mentioned in Section 284. That section does not even provide for bringing up the undertaking on appeal, and without that this Court could not know there was an appeal. It makes no provision for bringing up bills of exceptions, yet the manner of settling such bills is provided for in another section.

When an appeal is taken from a judgment, this Court must of necessity look into the record to see if there is anything therein to sustain the judgment. We must look at the complaint to see that it contains a statement of facts sufficient to warrant the judgment rendered.

We must also, if there is no answer, look at the summons and return, to see that the defendant has been properly brought into Court. So, too, if there is a judgment for costs, it appears to me we must look into the record to see if there is any foundation for that *part* of the judgment; for, without a cost bill, there is no jurisdiction to render any judgment for costs. If, upon looking at

the cost bill, it appears from that instrument that there is an error in the judgment, it must be corrected. For that purpose we must have the power of causing it to be certified to this Court.

Nor is there anything new or startling in this doctrine. The judgment roll, as directed by the statute to be made up, neither includes bills of exceptions, the verdict of the jury, nor the findings of fact by the Court. Yet all these things constitute a part of the record; and, in California, under a Practice Act very similar to our own, they have held that a case may be reversed on a bill of exceptions, where there is no statement. So, too, the verdict of a jury or finding of facts signed by the Judge, although neither embodied in a statement or bill of exceptions, may, in connection with the pleadings, afford grounds for the reversal of a judgment. (See *Reynolds* v. *Harris*, 8 Cal. 617–18; see also 5 Cal. 150–51.)

I conclude, then, that the Section 284, which says what the appellant shall bring up, does not preclude the bringing up of other matters of *record* in a case where they are necessary to determine the rights of the parties.

In conclusion, I hold the judgment should be treated as a judgment of the date of December 18th, 1865. That no bill of costs having been filed on or before the twentieth of December, the judgment that day was perfected, and the blanks for costs could not thereafter be filled up. It appearing from the filing of the cost bill that it was not filed before the twenty-sixth, it was a nullity, and that part of the judgment which is for costs is erroneous. That part of the judgment should be stricken out, and the appellant should recover his costs.

I think the order of Court staying proceedings has nothing to do with this question. The order was not intended to stay the filing of a cost bill, and certainly it was not so understood by the plaintiff, for he filed his bill whilst the order was in full force.