# THE IMPERIAL SILVER MINING COMPANY et al., RE-SPONDENT, v. CUTLER B. BARSTOW, APPELLANT.

No APPEAL ON FINDINGS EXCEPT BY STATEMENT. Findings are no portion of the judgment roll, nor is there any statutory provision for their introduction into the transcript on appeal under a Clerk's certificate; they must therefore be brought up, if at all, by means of a statement; and if not so brought up they cannot be considered.

RICHARDS v. HOWARD, (2 Nev. 128) AND CORBETT v. JOB et al., (ante, 201) on the point that findings will not be considered on appeal unless embodied in a statement, approved.

ADHERENCE TO LAW ON POINTS OF PRACTICE. Though a source of regret to a Court to decide a point of practice so as to affect substantial rights, such point when presented must be met, and the only safe and proper rule is to adhere to the law.

APPEAL from the District Court of the First Judicial District, Storey County.

This was an action of ejectment by the Imperial Silver Mining Company and the Empire Mill and Mining Company, to recover possession of Lot 10, Block 1, Range O, in the town of Gold Hill, Storey County. The findings and judgment were for plaintiffs. There was a motion by defendant for judgment on the findings, which was denied; and the appeal purports to be from the order as well as from the judgment.

*Henry K. Mitchell,* for Respondents.

I. The Court can only review on this appeal the judgment roll, for the reason that no motion for new trial was made; nor any statement on motion for new trial; nor any statement on appeal; nor any bill of exceptions.

The findings constitute no part of the judgment roll, and therefore cannot be considered by the Appellate Court. (*Corbett* v. *Job et al., ante,* 201; 27 Cal. 408; 30 Cal. 280.)

*Mesick & Seely,* for Appellant.

No statement was necessary for an authentication of the find-

The Imperial Silver Mining Company *v.* Barstow.

ings. When signed and filed they became part of the record. The only object of a statement is to make that record which was not so. It never has been considered necessary to embody matter of record in a bill of exceptions. (*Johnson* v. *Sepulveda*, 5 Cal. 150.) And in *Reynolds* v. *Harris*, (8 Cal. 617) it was held under a statute precisely like that which controlled our practice in this case, that the findings by being signed by the Judge and filed with the Clerk become matter of record without any statement, and just as much so as any statement could by being signed by the Judge and filed with the Clerk, and that a copy of the findings so signed and filed was as sufficiently and well authenticated before the Court on appeal by the certificate of the Clerk as a statement could be.

The decisions of the Courts of California, upon the proper construction of their Practice Act which we adopted bodily, are peculiarly entitled to recognition in this Court. Until the recent decision of this Court in *Corbett* v. *Job*, the profession believed, and had a right to believe, that the correct practice was indicated in *Reynolds* v. *Harris*. It is but fair to conclude that when the law of California upon this subject was adopted here it was with the understanding of its meaning as declared in the California Courts. A departure from the rule so laid down must operate as a grievous surprise to litigants and lawyers.

By the Court, WHITMAN, J.:

In this case objection is made by respondents to the consideration by this Court of the findings of fact and conclusions of law of the District Court. Unless they can be considered, nothing remains save the judgment roll and order made subsequent to judgment. It becomes then vital to decide whether the findings are presented in such manner that they can be noticed.

It was decided in *Corbett* v. *Job et al.*, (*ante*, 201) upon this precise point that findings similarly brought up had no proper place in the transcript. This opinion was based upon the statute and the case of *Richards et al.* v. *Howard*, (2 Nev. 128) and was not pronounced without reference to the case of *Reynolds* v. *Harris*, (8 Cal. 617).

While the general proposition as stated by appellant's counsel, as to the construction of statutes adopted in the light of previous judicial interpretation, is fully admitted; and while it is also the fact that the statute of California at the date of *Reynolds* v. *Harris* was like that governing the present case; still the rule invoked is not applicable, mainly because in that case no attempt is made to construe the statute, but its force and meaning being substantially admitted, a step outside is taken, and the opinion is wholly based upon the premise that whatever is matter of record in a lower Court, is therefore matter for review in an appellate tribunal.

This does not follow. Many things may be so matter of record, and yet entirely unnecessary or improper under the circumstances of a given case, for the purpose of review; and however necessary or proper, can be reviewed only as prescribed by the Legislature; so that no vested or constitutional right of litigants is thereby impaired.

The statute has plainly and explicitly declared what an appellant shall furnish this Court to entitle him to a hearing; such must be before the Court. An appellant is by no means precluded from bringing up other matter; but the mode of so doing is properly subject to statutory regulation. Whatever does not come up in the judgment roll, or under Clerk's certificate as by statute provided, must come embodied in a statement.

Findings are no portion of the judgment roll. There is no provision for their introduction into the transcript, which is the record for the consideration of this Court, under special certificate; therefore they must appear, if at all, by means of a statement. The case of *Reynolds* v. *Harris* is not construction, but legislation. In 1862 a statute was passed in California making findings part of the judgment roll; perhaps it would be well were there a similar statute in this State, but none such exists.

While it must always be a source of regret to a Court to decide a point of practice in such manner as perchance to affect substantial rights; and while this Court will not on its own motion search such questions, still when presented they must be met; and in cases devoid of ambiguity and presenting no room for judicial interpretation, like the present, the only safe and proper rule which any

Court can follow, is to adhere to the statute. Such course, though productive of present inconvenience, must result in ultimate good. There being then no findings for review, this case must be decided upon the judgment roll and order referred to. In these no error appears, wherefore they must be affirmed. It is so ordered.