[No. 904.]

## THOMAS M. DICK, RESPONDENT, v. E. CALDWELL, APPELLANT.

DICK v. BIRD affirmed.  The points decided in this case are substantially the same as in *Dick* v. *Bird, ante,* 161.

APPROPRIATION OF WATER—BENEFICIAL PURPOSE.—A party cannot acquire any right to water not used for any beneficial purpose.

APPEAL from the District Court of the Sixth Judicial District, White Pine county.

The facts appear in the opinion.

*Robert M. Clarke and J. B. Barker,* for Appellant.

*A. M. Hillhouse,* for respondent.

By the Court, LEONARD, J.

There were twenty defendants in this case, including Bird & Fitzhugh and E. Caldwell.  Bird & Fitzhugh appealed from the decree, etc., and that appeal has been recently decided by this court.  Defendant Caldwell also moved for a new trial.  That motion was overruled, and he now appeals from the order denying the same, and from "so much of the judgment rendered as gives the said Dick any of the waters of Duck creek used by said E. Caldwell and his grantors, for the period of five years prior to the commencement of this suit, under claim of right, and adverse to the claim of said T. M. Dick."

The notice of motion for a new trial was directed to plaintiff Dick and defendant Horton, but so far as the record shows the facts, it was not served on defendant Horton.  The notice of appeal was directed to and served on plaintiff Dick alone.  By the decree affirmative relief and definite rights were awarded to the other defendants.  Such being the case, the decision in the appeal of Bird and Fitzhugh is decisive of several points raised by appellant: First, that the decree is void for uncertainty, because it takes as the basis of apportionment the quantity of water necessary to irrigate an acre of ground instead of distributing the water by inches; second, that it is erroneous

because it does not conform to the prayer of the complaint for a certain number of inches of water, the decree being for a sufficient quantity of water to irrigate a certain number of acres. It is sufficient to say that, upon the authority of that opinion, and for the reasons there stated, the two points mentioned are not well taken.

The motion for a new trial was made on the grounds of insufficiency of evidence to justify the decision of the court, and that the same was against law.

The appellant excepted to this portion of the fifth finding of fact, to wit: "That defendant, E. Caldwell, or his grantor, D. R. Pierce, used water from said Duck creek to cultivate six acres of vegetables in 1869, fifteen acres of grain and vegetables in, 1871 twenty acres, in 1872, 1873, 1874 about forty-five acres, in 1875 fifty-seven acres, and during all this time irrigated about ten acres of grass land, and has used the same ever since," "because the same is contrary to the evidence given on the trial of said cause in this," etc. The court evidently intended to find, and did find, the number of acres cultivated and irrigated by appellant each year from 1869 to and including the year 1875. For the years 1869, 1871, 1872, 1873, 1874 and 1875 the findings are clear and definite, and they are fully sustained by the evidence, including the testimony of appellant himself. It is evident that after the words "fifteen acres in grain and vegetables in," the court intended to insert the year—that is, 1870—but by a clerical error the year was left out. No other year could have been intended, and appellant testified that he cultivated fifteen acres in 1870. But it can make no difference if the court did in fact fail to find the number of acres cultivated and irrigated in 1870, for the reason, as we shall see, that as between himself and plaintiff, appellant was awarded the first right to all the water that he appropriated to a beneficial use during the whole period from 1869 to 1875 inclusive.

The next exception is to the court's finding that "plaintiff, Dick, used water to irrigate from two hundred and fifty to three hundred acres of grass land in 1869; this was meadow land upon which the stream naturally flowed; that is to say,

Dick cut hay from said number of acres which he had taken up. In 1870 and 1871, besides cutting hay, he cultivated fourteen or fifteen acres of vegetables, and in 1872 about ninety acres of grain and vegetables, and has used the same ever since, except when prevented for want of water." The exception is as follows: "Defendant, E. Caldwell, excepts to so much of the fifth finding of fact as finds that the plaintiff, Thomas M. Dick, appropriated any land on Duck creek, or any of the water of said Duck creek in the year 1869, because the same is contrary to the evidence given on the trial in this cause, in this," etc. Although the facts did not justify the exception as stated, yet it makes no difference if they did. It is a matter that does not concern appellant. If he received all the rights that belonged to him he cannot complain, even though it is a fact that plaintiff received more than he was entitled to. The next exception is to the refusal of the court to find as a fact, that "appellant and his grantor in July, 1869, appropriated two hundred and seven inches of the water of Duck creek, by cutting one ditch carrying seventy-five inches of water, and one other ditch carrying one hundred and thirty-two inches of water; that the water was diverted from said creek and used by appellant to irrigate vegetables and meadow land in 1869, and in 1870 to irrigate fifteen acres of grain and vegetables and ten acres of grass land; that said amount of water was used continually from July, 1869, to the commencement of this suit, and was necessary, each season, to irrigate the land cultivated by him."

The court took as the basis of apportionment the quantity necessary to irrigate an acre of ground, instead of distributing the water by inches. It was therefore unnecessary to find the number of inches diverted and appropriated by appellant, even though the proof warranted the finding that he did divert two hundred and seven inches, and did continue to divert the same from 1869 to 1875. Such a finding would not have assisted the court in rendering its decree, apportioning to each party water for such number of acres as he was entitled to. Besides, the court was justified in refusing to find that all water diverted by appellant from

1869 to 1875, inclusive, was necessary to irrigate land culti-
vated by him. Such was not the fact shown by the testi-
mony. The court finds that in 1874 and 1875, appellant
used more water than he was entitled to use, and that he
wasted large quantities thereof, to which the plaintiff and
several of the defendants were entitled, and no exception
was taken to that finding.

The last exception is to the refusal of the court to find
for appellant upon his plea by title of prescription. The
facts relating to that question are the same in this appeal
as they were in Bird and Fitzhugh's, and for the reasons
there stated, we must hold that the exception is not sup-
ported by the facts.

As we have seen, so far as plaintiff is concerned, appel-
lant is awarded the first right to water from Duck creek for
the irrigation of fifty-seven acres of grain and vegetables,
and ten acres of grass.

It is plain from his own testimony that he was entitled to
no more, because, during that whole period, he did not cul-
tivate or irrigate but that number of acres, and he could
not have used beneficially any more water than was neces-
sary to irrigate the same. He did not appropriate, in a
legal sense, any water except such as he used beneficially.
Turning water out of the stream for no useful purpose did
not give him any additional rights. If he had, from 1869
to and including 1875, turned two hundred and seven inches
of water from the stream and made no use of any portion
of it, it can not be claimed that he would have been entitled
to a decree for any amount by reason of actual appropria-
tion. Turning more water from the stream than he used
was waste, not appropriation. He received water for every
acre he cultivated in grain or vegetables, or irrigated for
grass, from 1869 to the commencement of the suit. Cer-
tainly he can claim no more. Plaintiff received water, sub-
ject to appellant's first use, for no greater number of acres
than he had cultivated and irrigated from the creek. We
think appellant has no just complaint against the decree
as between him and respondent, and we find no errors
prejudicial to him.

The order and judgment appealed from are affirmed.