[No. 1,019.]

## JAMES NESBITT ET AL., RESPONDENTS, *v.* JOHN CHISHOLM ET AL., APPELLANTS.

FINDINGS MUST BE EMBODIED IN STATEMENT.—The findings of the district court will not be considered upon appeal unless they are embodied in the statement.

STATEMENT ON MOTION FOR NEW TRIAL—WHEN NOT STATEMENT ON APPEAL.—When an appeal is taken from the judgment alone, the statement on motion for a new trial will not be considered as a statement on appeal, unless there is a stipulation to that effect.

PRESUMPTIONS IN FAVOR OF JUDGMENT.—When nothing is shown to the contrary, this court will presume that the judgment is sustained by the findings, and that the findings were justified by the evidence.

Rights of Parties Who have not Appealed not Considered. — A decree in favor of persons, not parties to the suit, who have not appealed, will not be considered or reviewed by this court.

Appeal from the District Court of the Sixth Judicial District, Lincoln County.

The facts appear in the opinion.

*A. B. O'Dougherty and T. W. Healy,* for Appellants.

*T. W. W. Davies,* for Respondents.

By the Court, Leonard, C. J.:

The decree in this case canceled and annulled a certain deed executed by defendant W. L. McKee, as sheriff of Lincoln county, in this state, to his co-defendant, John Chisholm, conveying certain property therein described; and it was further ordered, adjudged, and decreed, that the title to said property was vested, in certain designated proportions, in defendant Chisholm, plaintiffs, and three other persons not parties to the suit. Defendants moved for a new trial; the motion was overruled, and this appeal is taken from the decree only.

What purport to be the findings of fact and conclusions of law, by the court, are contained in the transcript, but are not embodied in the statement on motion for new trial. They could not, therefore, be considered, even though, on this appeal, we could consider such statement. (5 Nev. 252.) But the statement on motion for new trial must be disregarded, because the statute does not authorize such statement to be considered as a statement on appeal from the judgment alone, unless there is a stipulation of counsel to that effect. (*Williams* v. *Rice,* 13 Id. 235.)

There being no such stipulation, it follows that there is nothing before us for review except the judgment roll. Such being the case, the only error complained of that can be noticed is that the decree is at variance with the relief sought in the complaint. It is said that the complaint merely asks the court to decree the cancellation of the deed to Chisholm, and to order and adjudge that the sheriff,

McKee, convey the property to plaintiffs, while the court distributed the same in a manner not warranted by law or the evidence or by the relief sought. Nothing appearing to the contrary, every reasonable presumption in favor of the correctness of the decree must be indulged in by this court. We must presume that it is sustained by the findings, and that the latter were justified by the evidence.

Bearing in mind the facts just stated, do the pleadings sustain the decree? Certain interests in the property were decreed to be vested in Snodgrass, Rice, and Picking, respectively, who were not parties to the suit. It certainly would have been better if the court had brought them in as parties, and in the absence of such proceeding it is certain that the portion of the decree adjudging that stated interests are vested in them is a nullity, especially so far as they are concerned.

But the complaint is ample to sustain that part of the decree annulling the deed from McKee to Chisholm, as well as the portion adjudging the interests to which plaintiffs and Chisholm were entitled. And presuming that the proportions awarded to them are correct, and that the defendant Chisholm received his full share according to the evidence, he can not complain because the court adjudged that other parties were entitled to the balance, even though the latter are not so entitled. (*Dick* v. *Caldwell*, 14 Nev. 169.)

But there is a final answer to the alleged error of the court in determining the proportions belonging to the three persons not parties to the suit, which is, that no appeal is taken therefrom. Defendants only appealed " from the decree * * * *in favor of the plaintiffs* in said action, and against said defendants, and from the whole thereof." The only portions of the decree in favor of plaintiffs are those annulling the sheriff's deed, and adjudging the title of a certain portion of the property to be vested in plaintiffs.

As to the portions of the decree in favor of persons not parties to the suit, no appeal could have been taken; but

were it otherwise, there is no appeal in this case, as to them, because they were never served with notice of appeal, or otherwise treated as respondents.

The decree appealed from, so far as it affects the parties to the suit, is affirmed.