## J. KALMES, RESPONDENT, *v.* G. M. GERRISH, *et al.*, APPELLANTS.

EVIDENCE—SUBSCRIBING WITNESS. Where a lease having a subscribing witness was admitted in evidence without calling such witness, or accounting for his absence, and the opposing party objected thereto: *Held*, error.

MAKING PARTIES WITNESSES DOES NOT CHANGE RULES OF EVIDENCE. The statute making parties competent witnesses does not abrogate the rule of evidence requiring a subscribing witness to a written instrument to be called, or his absence accounted for.

TESTIMONY OF PARTY NOT BEST EVIDENCE WHERE SUBSCRIBING WITNESS. Where a party desiring to introduce in evidence a written agreement signed by himself with a subscribing witness, took the stand and testified to its execution; but the opposite party objected to its admission on account of the subscribing witness not being called, nor his absence accounted for: *Held*, that such testimony, not being the best evidence, was not sufficient to authorize admission of the paper.

RECORD ON APPEAL MUST SHOW ACTION APPEALED FROM. Where an appeal purported to be from an order overruling a motion for new trial, and the record failed to show that the motion had been disposed of, or acted on: *Held*, that the appeal was premature and should be dismissed.

APPEAL from the District Court of the Eighth Judicial District, White Pine County.

This was an action to recover $1,650 from G. M. Gerrish and H. Taft. Plaintiff set forth the making of a written agreement between himself and H. C. Coulson, by which, in December, 1868, he leased of Coulson a lot in the town of Hamilton, and agreed to erect a building thereon, and lease the same to Coulson for six months, at $150 per month, said Coulson to have the privilege of purchasing the building for $1,500; also, the erection of the building; a promise of Coulson to purchase it for $1,500; the purchase

of the premises by the defendants from Coulson, in April, 1869, subject to the conditions of the agreement, and with full knowledge thereof; and an allegation of indebtedness for one month's rent and the value of the building. On the trial, the plaintiff, as a witness on his own behalf, testified to the due execution of the written agreement; but it appearing, on its production, to have been executed in presence of John Gray as subscribing witness, defendants objected to its admission in evidence, unless the subscribing witness was called, or his absence accounted for. The objection was overruled.

The judgment was for plaintiff, as prayed for in the complaint; and there was a finding, among other things, of an oral agreement on the part of the defendants, with the plaintiff, to purchase the building for $1,500—an agreement not clearly alleged in the complaint.

*Tilford & Foster,* and *F. W. Cole,* for Appellants.

I. The proposition that proof must be made by the best evidence is old and familiar. The statute, as well as the common law, has made the subscribing witness to an instrument in writing the person who must prove its execution; and consequently his evidence is the best evidence of that fact, unless the proper foundation for secondary proof has been laid. This is the law of the land to-day, and will remain so until it has been changed by legislative action. 1 Greenleaf's Ev., Sec. 569; 1 Phillips' Ev. 464; *Henry* v. *Bishop,* 2 Wend. 576; *Stevens* v. *Irwin,* 12 Cal. 306; *Sanders* v. *Bolton,* 26 Cal. 413; *Hollenback* v. *Flemming,* 6 Hill, 303; 7 Johns. 136. The fact that a party to a suit may now be called as a witness on his own behalf at the trial has not altered the law, nor changed the reason of the rule. Why should a party to a suit be allowed to prove that which the law says cannot be done by a stranger to the action? If Coulson, not a party to this suit, could not prove the execution, under what system of reasoning can Kalmes, a party to this suit, prove what the law forbids Coulson to do?

II. The complaint nowhere states an agreement between defendants and plaintiff, that defendants would pay plaintiff the $1,500

and the $150 as a part consideration for the purchase of the prop-
erty. The finding is, therefore, not proper, because there is nothing
in the pleadings upon which it can be based.

*Thomas P. Hawley*, for Respondent.

I. The rule requiring the testimony of a subscribing witness to
be first obtained, or his absence accounted for, was engrafted into
the system of the common law at a time when the parties to a suit
could not, on account of their interest, be witnesses in their own
behalf. Hence, it was claimed, that by selecting a subscribing
witness, " the parties agreed that the proof of their hand-writing
should be made through that medium." It was also considered to
be the *best evidence*, as the parties who subscribed their names as
witnesses to an instrument were presumed to be more likely to
recollect the fact of its execution, and also to know the hand-writing
of the parties, than other persons who were not present at the time
the instrument was signed. The peculiar hardships of cases where
the original instruments were lost, gave rise a departure from the
rule which prohibited parties from testifying in their own behalf,
and allowed them to appear as witnesses to prove the *loss* of the
instrument. When this innovation was first made, it was held that,
although a party in interest to a suit was competent to prove the
loss of an instrument, he was *not competent* to prove the *contents
thereof*. The great injustice of such ruling soon manifested itself,
and induced the judges to cut off this useless and absurd distinction;
and the wisdom of modern times in America has engrafted upon
the statutes of many of the states—including our own—a special
law entirely abrogating the old rule, and permitting everybody to
testify in their own behalf upon every question involved upon the
trial of the cause wherein they are interested.

Courts have held that the execution of an instrument may be
proved by the confession of the party who executed it, although
the name of a witness was subscribed thereto. *Hall* v. *Phelps*,
2 Johns. 451; *Giberton* v. *Ginochio*, 1 Hilton, N. Y. C. P. 220;
*Manrie* v. *Heffernon*, 13 Johns. 75. If this be sound doctrine,
then why not advance one step more in behalf of common sense
and sound reason? Why cling with such pertinacity to the old

rules, when the necessities that called them into existence have been entirely removed ? Why adopt a rule because it is ancient, when the reason for the rule no longer exists ? See also, *Landers* v. *Bolton,* 26 Cal. 411.

II. It was wholly immaterial to the final decision, as rendered by the judge, whether any such agreement was ever executed or not. Conceding, for the sake of argument only, that it was error to admit the agreement on the first branch of the case without first having produced the subscribing witness, or accounted for his absence, would this fact have a tendency to have affected the judge's decision upon the other branch of the case ? Most assuredly not. If not, then no injury was done defendants in this case.

By the Court, GARBER, J. :

We think there was error in the admission of the agreement between Coulson and the plaintiff, without proof of its execution by the subscribing witness. If the only reason for the rule were the presumption that the subscribing witness may know facts of which others are probably ignorant, there would be at least plausibility in the argument of respondent that, as by our statute, the parties are competent witnesses, and as no presumption can arise that the subscribing witness is better informed of the facts relating to the execution of an instrument than the parties to the instrument, the maxim " *cessante ratione*," &c., should be applied. But there is another reason for the rule, and one which forbids the application of the maxim invoked. " The law requires the testimony of the subscribing witness, because the parties themselves, by selecting him as the witness, have mutually agreed to rest upon his testimony in proof of the execution of the instrument, and of the circumstances which then took place." Starkie on Ev., Sharswood, 458. It was not the intention of the statute to abrogate this rule of evidence, and it has been decided that such is not its operation. *Brigham* v. *Palmer,* 3 Allen, Mass., 452; *Whyman* v. *Gath,* 8 Exch. 803; *McMurtrey* v. *Peebles,* 4 Monroe, 40. It is immaterial whether the writing is the foundation of the action, or is introduced collaterally. The rule and the reason of it are equally applicable in the one case as in the other. *Roberts* v. *Tennell,* 3

Monroe, 250; Starkie, 507.   We cannot disregard the error assigned as necessarily harmless.   The testimony as to the making of the express promise found by the court was conflicting, and the weight given by the judge to the facts evidenced by this writing may have turned the scales in favor of the plaintiff.   Unquestionably, the existence of this written agreement tends to enhance the probability of the making of the oral agreement testified to by plaintiff and found by the court.   A point similar to that raised but not decided in *Mellen* v. *Whipple*, 1 Gray, Mass., 317, is made by appellant — that no promise in fact is so stated in the complaint as to support a judgment on the finding of such a promise.   It is unnecessary to pass upon it here, as the plaintiff, if so advised, can amend his complaint and obviate the objection.

The appeal purports to be taken from the judgment, and from an order overruling the motion for a new trial.   The record fails to show that the motion has yet been disposed of, or acted upon by the district court.   The appeal from the order is therefore premature, and is dismissed.   The judgment appealed from is reversed and the cause remanded.