19    331
10* 441
20     47
14* 587

19    331
f25   276
f25   344

[No. 1233.]

## CHARLES ROBINSON, APPELLANT, *v.* ANDREW BENSON, RESPONDENT.

NEW TRIAL—NOTICE OF INTENTION.—In a case tried without a jury, the decision of the court is distinct from the findings, and the time within which notice of intention to move for a new trial must be given begins to run from the announcement of the judgment.

IDEM—STATEMENT—WHEN IT MUST BE DISREGARDED.—When the statement on motion for a new trial has not been served or filed within the time required by statute, or within the time specified by stipulation, it must be disregarded.

STATEMENT ON MOTION FOR NEW TRIAL NOT EFFECTIVE AS STATEMENT ON APPEAL.—A statement which has been prepared exclusively as a statement on motion for a new trial cannot be considered as a statement on appeal from the judgment.

APPEAL from the District Court of the Sixth Judicial District Eureka County.

*H. K. Mitchell*, for Appellant:

*Baker & Wines*, for Respondent:

By the Court, HAWLEY, J.:

This cause was tried before the court without a jury. The opinion of the court ordering judgment in favor of defendant, Benson, was filed April 11, 1885. Notice of the filing of this opinion was served upon plaintiff's attorney the same day. On the eighteenth day of April plaintiff served and filed notice of motion for a new trial. On the same day a stipulation was filed giving plaintiff ten days after the statutory time to file and serve his statement on motion for new trial. On the eighth of May the court filed its findings of fact and conclusions of law, and the judgment in favor of defendant was thereupon regularly entered. No written notice of the findings was given to plaintiff's attorney. Thereafter, on the eighteenth of May, 1885, plaintiff served and filed another notice of motion for a new trial, and on the same day served and filed a statement on motion for a new trial. This appeal is taken from the judgment, and from an order of the district court denying a new trial.

Was the statement on motion for a new trial filed and served within the time required by statute? In *Elder* v. *Frevert*, it was held that the decision of the court was distinct from the findings, and that the time within which notice of intention to move for a new trial must be given begins to run from the announcement of the judgment. (18 Nev. 283.) The second notice of motion for a new trial was not given "within ten days after receiving written notice of the rendering of the decision of the judge" (Civ. Pr. Act, sec. 197; Gen. Stat. 3219); hence no rights whatever were acquired thereby. It therefore follows that the statement on motion for a new trial, not having been served or filed within the time required by statute, or within the time specified in the stipulation, must be disregarded.

Defendant, having made this objection at the time of proposing amendments to the statement, did not waive his right to make the same objection in this court. (Hayne, New Trial, sec. 146, p. 409.) The statement, having been prepared exclusively as a statement on motion for a new trial, cannot be considered as a statement on appeal from the judgment. (*Williams* v. *Rice*, 13 Nev. 234; *Nesbit* v. *Chisholm*, 16 Nev. 40.)

There is no error in the judgment roll.

The judgment of the district court is affirmed.