[No. 1703.]

## R. W. LINVILLE, APPELLANT, *v.* AGNES SCHEELINE, MORITZ SCHEELINE (HER HUSBAND), P. L. FLANIGAN, AND HERBERT FLEISHACKER, RESPONDENTS.

1. APPEAL — PROCEDURE — STRIKING COST BILLS. An order striking a cost bill is an order made after final judgment, and, if appealed from, should be taken up in a statement on appeal containing only so much of the record as is necessary to present the facts, no statement on motion for a new trial being necessary.

2. COSTS—RECOVERY—REQUISITES. Under Civil Practice Act, 486, Comp. Laws, 3581, requiring the party in whose favor judgment is rendered, and who claims his costs, to deliver a cost bill to the clerk within two days after the verdict or decision, or such further time as the court may grant, if a party fails to file a cost bill within the time prescribed, he waives his rights to costs.

3. SAME—"DECISION OF COURT." Under Practice Act, 486, Comp. Laws, 3581, requiring a party in whose favor judgment is rendered, and who claims his costs, to deliver a cost bill to the clerk within two days after the verdict or "decision of the court," the decision is the announcement by it of its judgment, and is distinct from the findings.

4. APPEAL—RECORD—SUFFICIENCY. Where, on appeal from an order striking plaintiff's cost bill, the record shows only that motion to strike, because the bill was not filed in time, was made and allowed, and the order excepted to on the ground that the clerk failed to notify plaintiff of the court's decision as directed, the record is insufficient to show the clerk did not so notify plaintiff, and to overcome the presumption in favor of the correctness of the trial court's rulings and the presumption that the clerk performed his duty.

5. TRIAL—DECISION IN ABSENCE OF COUNSEL—NOTICE. Where courts render decisions in the absence of counsel, they should direct immediate notice to be given to the parties' attorneys.

APPEAL from the District Court of the Second Judicial District of the State of Nevada, Washoe County; *B. F. Curler*, Judge.

Action by R. W. Linville against Agnes Scheeline, *et al.* Plaintiff was awarded a decree, but it was modified by allowing the costs. From an order denying a new trial, striking

out cost bills, and denying an amendment to the findings, plaintiff appeals. **Affirmed.**

The facts sufficiently appear in the opinion.

*O. H. Mack*, and *Mack & Farrington*, for Appellant:

I. This said suit is in equity, and all the attorneys connected therewith had a right and ought to have been in open court when the suit was decided, for the reason that title to land was in dispute; therefore plaintiff ought not to suffer any loss on account of the negligence and failure of the court to do its duty in obeying its orders and notifying plaintiff's attorneys in said suit in the statutory time to file his cost bill, as plaintiff's attorneys had no opportunity to file his cost bill in said suit. In equity the court can award costs in any stage of the proceedings. (*Avery* v. *Wilson*, 20 Fed. 856.)

II. The court erred in allowing defendant's motion to amend the judgment filed on the 4th day of January, 1906. (*Scott* v. *Haines*, 4 Nev. 426.)

*James T. Boyd* and *A. N. Salisbury*, for Respondent:

I. It has been frequently held in this court, commencing with the case of *California State Tel. Co.* v. *Patterson*, 1 Nev. 150, that a decision of a court is the judgment, and that the entry of the same by the clerk is merely evidence of it. In the case at bar, however, it does not appear that the clerk failed to enter judgment in accordance with the order of the court, but that the clerk merely failed to give plaintiff and appellant notice of the decision of the court which set plaintiff and appellant's time running within which he might file his memorandum of costs. Whether or not plaintiff and appellant did receive notice from the clerk of the decision of the court and rendition of judgment, does not appear from the records, and it certainly cannot be contended by the plaintiff and appellant that the defendants and respondents lose any rights by reason of any negligence of the clerk, or that it is a question in which any one is concerned except the clerk himself and the party who alleges that he has been damaged by reason of any negligence on the clerk's part.

II.    The cases of *Sparrow and Trench* v. *Strong*, 2 Nev. 362, and *Howard* v. *Richards*, 2 Nev. 128, first laid down the rule that a clerical error in the judgment may be amended when the error is shown by the records, and there is no necessity to resort to other evidence than is afforded by the record to correct the error.    This rule has been so often repeated in this court, and is so well settled in this jurisdiction, as well as in others, that counsel for defendants and respondents feel that it would be an imposition on this court to ask the court to give further consideration to the numerous authorities which are contained in its own reports as well as in the reports of other states.

By the Court, SWEENEY, J.:

This action was for specific performance of a written contract to convey real estate.    The case was tried before the court with the aid of a jury on the 4th day of May, 1905. Special issues were submitted to the jury, which were answered in favor of the plaintiff.    Thereafter the case was continued for oral argument before the court.    On the 28th day of July, 1905, the case was argued and submitted to the court.

The minutes of the court for the 30th day of October, 1905, show the following order made in this cause on said day: "The court adopts the findings of the jury on the matters of fact submitted to them and finds for the plaintiff, and decrees that findings of fact and conclusions of law and decree be entered for the plaintiff as prayed for.    Ordered that the clerk of this court notify Mack & Farrington and O. H. Mack, and Boyd and Salisbury.    Whereupon a recess was taken until the further order of the court."

On the 9th day of November, 1905, counsel for plaintiff filed and served his cost bill.    On the 11th day of November, 1905, counsel for defendants filed a motion to strike out the cost bill filed November 9th, upon the ground that said cost bill was not filed within the time allowed by law, which motion coming on to be heard was allowed upon the said ground that the same was not filed in time.    On the 4th day of January, 1906, the court signed findings and a decree

prepared by counsel for plaintiff, the decree, however, being modified before signing and filing by striking out the costs of the action inserted therein. On the said 4th day of January, following the filing of the decree, counsel for plaintiff filed another cost bill. On the 6th day of January following counsel for defendants moved to strike out this last cost bill upon the ground that the same was not filed within the time allowed by law. The motion coming on to be heard was allowed by the court.

On the 6th day of January, 1906, counsel for plaintiff moved for a new trial upon the following grounds: "Insufficiency of the evidence to justify the findings and the decision of the court, and that the decision is against law. Errors in law occurring at the trial, excepted to by the plaintiff. Failure to give plaintiff proper relief, appearing to have been refused under the influence of passion or prejudice." The motion for a new trial was denied. On the 13th day of January, 1906, the court made an order denying plaintiff's request for an additional finding reading as follows: "The judge of the above-entitled court, on the 4th day of January, 1906, signed and filed a judgment in said cause and in said court in favor of the plaintiff, according to the prayer of the complaint therein. (1) The court now finds that the plaintiff is entitled to a judgment against defendants, and each of them, for all of his costs and disbursements therefor incurred in this action, according to the prayer of the complaint therein." This appeal is taken from the order of the trial court denying plaintiff's motion for a new trial, from the orders striking out plaintiff's cost bills, and from the order denying plaintiff's request for an amendment to the findings made on the 13th day of January, 1906.

The record in this case presents the novel situation of a statement on and motion for a new trial upon the part of the plaintiff, where the judgment and decree are in plaintiff's favor and in accordance with the prayer of his complaint, except that costs were not included for the reason that the court struck out the cost bill upon the ground that the bill was not filed in time. The third ground stated in the motion is not a ground for new trial specified in the statute.

The first two grounds of the motion the plaintiff was in no position to make, as he could not be prejudiced by error in either particular specified. It is evident from the record that the only alleged error which counsel for appellant is seeking to correct on this appeal is in reference to the order or orders striking out the cost bill or bills. To correct this error, if such existed, manifestly did not require a statement on motion for a new trial. An order striking out a cost bill is an order made after final judgment, and, if appealed from, should be brought to this court in a statement on appeal containing only so much of the record as is necessary to present the facts. The record in this case, as presented, is in two volumes, containing all the testimony and rulings upon the trial, as well as all the original papers and documents filed in the case for any purpose whatever, most all of which have no place in the record. The questions presented in this case could and should have been presented in a statement of one-twentieth the size of the present one, at a great saving in cost to the client appealing, and of labor upon the part of this court in sorting out from the mass of foreign and irrelevant matter such portions of the record as present the real questions for consideration. It is a serious question whether appeals presenting transcripts of this character ought not to be dismissed without consideration, or else the appellant be required to reform his record before it would be considered. No motion for diminution of the record was made by counsel for respondent. Without making this case a precedent for the action of this court in future cases, where similar cases are presented, we will, in this instance, under the circumstances, determine the only question presented—whether or not a cost bill was filed in time.

Section 486 of the civil practice act (Comp. Laws, 3581) reads as follows: "The party in whose favor judgment is rendered, and who claims his costs, shall deliver to the clerk of the court, within two days after the verdict or decision of the court, or such further time as the court or judge may grant, a memorandum of the items of his cost and necessary disbursements in the action or proceeding, which memoran-

dum shall be verified by the oath of the party, or his attorney, stating that the items are correct, and that the disbursements and costs therein named have been necessarily incurred in the action or proceeding. He shall be entitled to recover the witness fees, although at the time he may not have actually paid them." In order for a party to recover costs, he must come within the provisions of the statute, and if he fails to file his cost bill within the time prescribed, he is deemed to have waived his right to costs. (*State* v. *District Court,* 26 Nev. 258.) This court has repeatedly held that the decision of the court is the announcement by the court of its judgment, and is distinct from the findings. (*Elder* v. *Frevert,* 18 Nev. 278; *Robinson* v. *Benson,* 19 Nev. 331; *State ex rel. Hoppin* v. *Cheney,* 24 Nev. 222; *Robinson* v. *Kind,* 25 Nev. 261; *Sholes* v. *Stead,* 2 Nev. 108; *Howard* v. *Richards,* 2 Nev. 128, 90 Am. Dec. 520; *Telegraph Co.* v. *Patterson,* 1 Nev. 150.) Were this question a new one, it might be open to serious question, as many authorities, under similar statutes, take a contrary view. The practice in this state, however, of regarding the the oral announcement by the court of its judgment as the decision, has been so thoroughly recognized by the bench and bar that it would not now be proper to announce a different rule.

It is not contended that counsel, prior to November 9th, either by order of court or by stipulation, was allowed any extension of time to file his cost bill. Counsel for appellant argues, however, that because of the fact that the decision was rendered in the absence of counsel on either side, and the clerk was directed to notify respective counsel that he was entitled to two days from the time of receiving such notice in which to file his cost bill, the clerk never did give such notice, and that he filed his cost bill the day he obtained knowledge of the decision. If this state of facts was established by the record, we would be called upon to determine whether such neglect upon the part of the clerk would relieve plaintiff from an enforcement of the strict provisions of the statute. All that the record shows, however, is that the motion to strike out the cost bill was made, that the motion was allowed by the court, and the order of

the court excepted to upon the ground that the clerk failed to notify counsel as directed. What showing, if any, was made upon the hearing of the motions that counsel was not served with notice of the decision, and had no such notice, does not appear of record. All presumptions are in favor of the correctness of the rulings of the trial court, and where such rulings are questioned the record must show wherein they are erroneous. It is also a presumption of law, in the absence of a showing to the contrary, that officers perform their duties. (Jones on Evidence, vol. 1, sec. 38.) Neither of these presumptions is shown in the record to have been overcome, and we cannot take statements contained in counsel's exceptions or assertions contained in his brief as an equivalent of facts which should be established of record. So far as the record shows, plaintiff's counsel may have had notice of the decision the day the same was rendered. At least there is no showing, and we cannot presume to the contrary. If the facts are as counsel contends in his brief, the situation is unfortunate. The plaintiff was clearly entitled to his costs, unless he waived them by neglecting to file his bill in time. The costs in this case are a very material item. For the plaintiff to have to pay them, under the circumstances of this case, imposes a heavy burden upon him, and takes from him, in a large measure, the benefits of the court's decision; for the costs represent a considerable portion of the value of the property involved. Where courts render decisions in the absence of counsel, they should be particularly careful to direct that notice be promptly given to the attorneys of the parties. The court made such an order in this case. The clerk should have promptly notified counsel, and the presumption is that he did so. The statutes of many of the states allow counsel for the prevailing party a certain time after notice of the decision in which to file the cost bill. An amendment of our statute in this particular would, we think, be advantageous to litigants.

The several orders of the trial court appealed from are affirmed.