[No. 1685.]

RICHARD KIRMAN, RESPONDENT, v. J. M. JOHNSON, BANKRUPT, AND H. HARRIS, TRUSTEE, APPELLANTS.

1. APPEAL—AFFIRMANCE—ON MOTION—DEFECTIVE RECORD. Supreme Court Rule 8 (see pages 11, 12, *ante*) provides that objection to the transcript or statement on appeal, or any technical objection to the record must be made before argument. Comp. Laws, 3862, 3863, provide that, if an appellant elect to have the original papers certified as the record on appeal, they shall be attached together and the pages numbered, and shall be certified by the clerk or by the respective parties or their attorneys to be such originals and to constitute in whole or in part the record on appeal. Section 3431 provides that a copy of the statement shall be annexed to a copy of the judgment roll, if the appeal be from the judgment, or to a copy of the order, if from an order. Section 327 of the civil practice act (Comp. Laws, 3422) authorizes the supreme court to review judgments, etc., from which appeals may be taken as "prescribed by law, and not otherwise." On appeal on the original papers they were neither numbered nor indexed, and the certificate of the clerk was not attached to anything, and though the notice of appeal stated that it was from the judgment and order denying a new trial, the papers failed to show any order with reference to such motion or any copy thereof, nor did the certificate of the clerk mention such order. The statement appeared to have been filed as a statement for a new trial, and the record contained no stipulation that it might be considered as a statement on appeal. *Held*, that the order, if made, denying a motion for new trial was not before the court; that, in the absence of timely objection under the rule, the judgment roll would be considered. No objection appearing upon the face thereof, judgment affirmed.

ON PETITION FOR REHEARING.

1. APPEAL AND ERROR — RECORD — CONTENTS. In the absence of a written order denying a motion for a new trial, a copy of the minute entry thereof is required to be embodied in the statement on appeal to give the supreme court jurisdiction.

2. SAME. A paper sent up by the lower court, indorsed "On Motion to Settle Statement," and which appears to be an order amending the statement on motion for new trial, by modifying the language in the findings and decree copied into the statement, indicates, at most, that the court at some previous time had made an order modifying the decree, and was by such order correcting the proposed statement on motion for new trial accordingly, and is not an order modifying the finding and decree, so as to entitle the supreme court to consider the effect which said modification, if made, would have upon the decree.

3. SAME—REHEARING—QUESTIONS CONSIDERED. Questions raised for the first time on petition for rehearing will not be considered.

APPEAL from the District Court of the First Judicial District of the State of Nevada, Ormsby County; *M. A. Murphy*, Judge.

Action by Richard Kirman against J. M. Johnson, a bankrupt, and another as his trustee in bankruptcy. From a judgment in favor of plaintiff, defendants appeal. **Affirmed.** Petition for rehearing. **Denied.**

The facts sufficiently appear in the opinion.

[NOTE BY THE COMPILER: Counsel for respective parties filed very elaborate briefs herein relative to the validity and legality of mortgages, but, as this court did not decide this case upon the validity or invalidity of the mortgage herein involved but upon the motion to dismiss the appeal, the compiler does not deem it necessary to refer to the briefs of counsel on the mortgage question.]

*J. Poujade*, for Appellants.

*Mack & Farrington*, for Respondent:

I.   There is no record in said case before the supreme court, none having been certified to this court by the clerk of the lower court.

II.   The papers, documents, and exhibits that were used on the motion for a new trial in the lower court have not been certified to by the judge of the lower court, nor by the clerk thereof as having been used upon said motion for a new trial; nor have the same, nor any of them, been certified to this court by the clerk of the district court.

III.   There is no notice of appeal, nor undertaking on appeal, in this case, and neither have been certified to this court, if either exists.

IV.   There is no record of any kind or character before the court, or certified to this court, upon which this court can base any action or opinion or judgment.

V.   There is no stipulation of the attorneys, or agreement of the attorneys, sending up or submitting said appeal to the supreme court.

*J. Poujade*, for Appellants, on petition for rehearing:

I.   The statutory provisions as to page-numbering, attaching together, and indexing is directory merely, and not mandatory, being intended for the convenience of the court, and the court may waive the requirement, and it would be proper to do so should the court see fit in this case wherein the

testimony, the only matter essential to be indexed for convenience, is indexed, and its lines and pages numbered, and those line and page-numberings are used in appellant's citations. When the untimely objection was made by the respondent, counsel asked that appellant be allowed opportunity to make a showing later, if the objection were to receive any consideration by the court. As no timely objection was made by the respondent, appellant had no notice, and, therefore, no opportunity, and should therefore be given an opportunity, if it be not too late, to remedy the defect; or, if it be too late, such a defect should not be considered. The court may well, in the interest of justice, construe the statutory direction so that the papers accompanying may be deemed the "attached." Ample precedent exists therefor. (*Smith* v. *Engel*, 14 Nat. Bank Reg. 481; *Savage* v. *Birckhead*, 20 Pick. 167; *Cobossee Nat. Bank* v. *Rich*, 81 Me. 164, 171–174.)

II.   The statement on motion for new trial, with the pleadings included in the judgment roll, and with the judgment and the amendment thereof, and the notice of appeal and undertaking on appeal, are sufficient to comply with all reasonable requirements of practice, and the requirements of law and justice. The rule of practice that a statement on motion for new trial is not a statement on appeal gives way to the statute (Comp. Laws, 3292, as amended), which expressly provides that the statement on motion for new trial, etc., shall constitute, without further statement, the papers to be used on appeal from the order granting or refusing a new trial.

III.   While petitioner is not herein generally citing authorities, believing it only necessary to show reasons for a rehearing, it may save labor to refer to Black on Judg. sec. 118; 23 Cyc. 671, subhead "Certainty of Determination," and authorities under note 29; 23 Cyc. 672, subhead "Finality of Determination"; 23 Cyc. 698, subhead "Validating Void Judgments."

IV.   The judgment is a judgment by default. It gives relief not asked for, and is therefore void against the plaintiff in default; therefore against all. The judgment, pur-

porting to foreclose a mortgage, does provide that if there be a deficiency as between the amount realized from sales and the amount of the mortgage debt, a judgment shall remain against the defendant, Johnson, but it does not provide for payment of the surplus arising from the sale to the said defendant. It is therefore void.

V. Will this court affirm a judgment that money in an unnamed amount be paid by an officer of a United States District Court, said judgment having no other basis, except a complaint praying for no judgment whatever against said officer for money, and praying only for a money judgment against the party whose trustee he is, in a suit brought under permission to sue for foreclosure of a mortgage? Jurisdiction to accomplish this cannot exist in any court, state or federal.

By the Court, NORCROSS, J.:

This was an action brought by respondent in the First Judicial District Court, in and for Ormsby County, to foreclose a chattel mortgage upon a stock of merchandise in Carson City. A judgment was entered in favor of respondent. The notice of appeal, appearing among the papers sent up from the court below, states that the appeal is taken from the judgment, and decree rendered in favor of the plaintiff, and against said defendant H. Harris, trustee, "and also from the order entered in said district court in said action on the 10th day of June, 1905, denying said defendant H. Harris's (trustee's) motion for a new trial."

The record on appeal in this cause was filed in this court on the 7th day of September, 1905. By consent of counsel the case came on for oral argument before this court on the 23d day of April, 1907, and thereafter time was taken to file briefs in addition to those previously filed. At the time of the oral argument counsel for respondent made and filed a motion to dismiss the appeal, and to strike out all the papers filed therein upon the following grounds: "First, that there is no record whatever in said case before the supreme court, none having been certified to this court by the clerk of the lower court; second, that the papers, documents, and exhibits

that were used on the motion for a new trial in the lower
court have not been certified to by the judge of the lower
court, nor by the clerk thereof, as having been used upon
said motion for a new trial, nor have the same or any of
them been certified to this court by the clerk of the district
court; third, that there is no notice of appeal or undertaking
on appeal in this case, and the same have not been certified
to this court if any exists; fourth, there is no record of any
kind or character before the court or certified to this court
upon which this court can base any action or opinion or
judgment; fifth, there is no stipulation of the attorneys or
agreement of the attorneys sending up or submitting said
appeal to the supreme court." The motion to dismiss and to
strike out was heard, subject to the objection of counsel for
appellant that the motion was not made in accordance with
the rules of this court.

Rule 8 of this court provides: "Exceptions or objections
to the transcript, statement, the undertaking on appeal, notice
of appeal, or to its service or proof of service, or any techni-
cal exception or objection to the record affecting the right
of the appellant to be heard on the points of error assigned,
which might be cured on suggestion of diminution of the
record, must be taken at the first term after the transcript is
filed, and must be noted in the written or the printed points
of the respondent, and filed at least one day before the argu-
ment, or they will not be regarded." (*30 Nev. 11, 12.*)

Had the motion been made in accordance with the provi-
sions of the rule, we would have been compelled to grant it,
unless application had been made to correct the transcript
as provided for in Rule 7, for the transcript upon appeal in
this case shows little pretense of complying with either the
statutes or rules of this court governing the same. As the
motion was not made in accordance with the provisions of
the rule quoted, the respondent is deemed to have waived
objections to the transcript that are not jurisdictional. The
record in this case is in a more objectionable condition than
that in the case of *Linville* v. *Scheeline* (recently decided by
this court), 30 Nev. 106. Referring to the transcript in the
latter case, we took occasion to say: "It is a serious question

whether appeals presenting transcripts of this character ought not to be dismissed without consideration, or else the appellant be required to reform his record before it would be considered." The record in this case is made up of the original papers from the court below. "An act regulating appeals to the supreme court," approved March 13, 1895 (Comp. Laws, 3862–3863), leaves it in the discretion of the appellant to have the original papers sent up. Section 1 of the act provides, among other things, that, "in case he shall elect to have the original papers certified they shall be attached together and the pages numbered and indexed the same as transcripts on appeal, and shall be certified by the clerk of the district court or by the respective parties or their attorneys to be such originals, and to constitute in whole or in part the record on appeal, and the clerk shall then transmit them to the clerk of the supreme court; *provided*, that where it would not be convenient to attach maps or exhibits to the other papers, they may be sent separately, properly identified and certified." In this case the papers are neither attached together, numbered, nor indexed. It would seem that the clerk had bundled up all the papers filed in the lower court and sent them to the clerk of this court. Many of the papers have no proper place in this record upon appeal, even if the record was otherwise unobjectionable. The only certificate of clerk in the so-called record is upon a separate sheet of paper, and was never attached to anything. It is manifest that this is not a proper certificate. (*Holmes* v. *Iowa Mining Co.*, 23 Nev. 23.) It may be contended that it was the fault of the clerk in sending up a record of this kind; but, even if that be so in the strict sense of the law, nevertheless it would be better for counsel to see that clerks send up proper transcripts. While we are referring to the provisions of this act we deem it expedient to say that the conditions which occasioned the passage of this act, authorizing the bringing up of original papers, have ceased to exist, and that an early repeal of the act will be advantageous, not only to this court, but to counsel and litigants.

"The method of procedure in taking appeals is regulated by statute. Section 327 of the civil practice act (Comp.

Laws, 3422) in direct terms confers authority upon this court to review judgments and orders from which appeals can be taken in the manner prescribed by the act, 'and not otherwise.'" (*Marx* v. *Lewis*, 24 Nev. 306.) Section 336 of the civil practice act (Comp. Laws, 3431) provides: "A copy of the statement shall be annexed to a copy of the judgment roll, if the appeal be from the judgment; if the appeal be from an order, to a copy of such order." An examination of the papers appearing to have been sent up in this case fails to disclose any order in reference to the motion for a new trial or a copy thereof, nor does the certificate of the clerk mention any such order. So far as the record shows there may never have been such an order made. In the case of *Kalmes* v. *Gerrish*, 7 Nev. 31–35, this court, by Garber, J., said: "The appeal purports to be from the judgment, and from an order overruling the motion for a new trial. The record fails to show that the motion has yet been disposed of, or acted upon, by the district court. The appeal from the order is therefore premature, and is dismissed."

While counsel by failing to interpose a proper objection to the record may waive all technical objections thereto, they cannot waive the essentials of a record necessary to give this court jurisdiction, such as the entire absence of an order overruling a motion for new trial, if such order were ever made. (*Corbett* v. *Job*, 5 Nev. 201; *Irwin* v. *Sampson*, 10 Nev. 282; *Greeley* v. *Holland*, 14 Nev. 320; *Marx* v. *Lewis*, 24 Nev. 306; *Hart* v. *Spencer*, 29 Nev. 286.) As was said by this court in *Sherman* v. *Shaw*, 9 Nev. 152, "it is as unsatisfactory to the court as it is to counsel and litigants to have cases disposed of upon mere questions of practice. But it must be remembered that the rules of practice are as obligatory upon us as upon the parties to a suit; and, if attorneys desire to have their cases examined upon the merits, they must comply with the plain provisions of the statute and the rules of practice, as established by the court." In this case counsel have at great labor prepared and filed exhaustive briefs upon the merits, and it is especially regrettable that the record is not in such shape to empower this court to determine the questions so ably presented.

The record does not contain a stipulation of counsel that the statement on motion for a new trial may be considered also as a statement on appeal. The statement appears to have been filed exclusively as a statement on motion for a new trial. This court has repeatedly held that such a statement, in the absence of stipulation of counsel, cannot be considered as a statement on appeal. ( *Williams* v. *Rice*, 13 Nev. 234; *Nesbitt* v. *Chisholm*, 16 Nev. 39; *Robinson* v. *Benson*, 19 Nev. 331.)

While the judgment roll in this case contains papers not authorized to be included therein, it does contain all the essentials. Although it is not certified to otherwise than as hereinbefore stated, in the absence of proper objection, it may be conceded as being before us for consideration. Where there is nothing before the court but the judgment roll, we can only consider any alleged errors which may appear upon the face thereof. In the present case we find no error so appearing, and it becomes our duty to affirm the judgment, and it is so ordered.

## ON PETITION FOR REHEARING.

By the Court, NORCROSS, J.:

Counsel for appellant in his petition for rehearing in this cause takes the position that, as the court below did not put its order denying the motion for a new trial in writing, therefore there was none to copy. So far as the record is concerned, it would have to be entirely an assumption that the court did not make a written order in the premises. But, even if we were justified in making such an assumption, nevertheless, if an order was made denying the motion, necessarily there would be a minute entry thereof, and, in the absence of a written order, a copy of the minute entry is necessary to be embodied in the statement upon appeal, to clothe this court with jurisdiction. An appeal from an order or judgment, without a copy thereof in the record, is manifestly futile.

Petitioner asks this court to consider a paper sent up by the lower court, indorsed "On Motion to Settle Statement," and which appears to be an order amending the statement on motion for new trial by modifying the language used in the

findings and decree copied into the statement. This document is marked as having been used upon the hearing of the motion for a new trial. Counsel contends that this document is an order amending the findings and decree, and by inadvertence was admitted from the judgment roll. But in this counsel is in error. The most that can be said for this document, even if it was properly before us for consideration, which it is not, is that it indicates that the court at some previous time had made an order modifying the decree, and was by this order correcting the proposed statement on motion for a new trial accordingly. We cannot, therefore, consider the effect which such a modification, if made, would have upon the judgment.

Some other points are made in the petition, not heretofore presented in the briefs or oral argument. This court has in a number of cases held that questions raised for the first time upon the petition for rehearing will not be considered.

The petition is denied.