[No. 1771]

## J. W. ADAMS, RESPONDENT, *v.* LEWIS H. ROGERS, APPELLANT.

1. APPEAL AND ERROR—DISMISSAL OF APPEAL—GROUNDS—SHOWING.

Under Supreme Court Rule 3, providing that a motion to dismiss an appeal for failure to file the transcript of the record in time shall be accompanied by the certificate of the clerk below, certifying enumerated facts, it is error to dismiss an appeal merely on the affidavit of counsel, especially where the affidavit did not show the essential facts.

2. APPEAL AND ERROR—MOTION TO DISMISS—SERVICE—NECESSITY.

A motion to dismiss an appeal under Supreme Court Rule 3, authorizing the dismissal of an appeal for failure to file the transcript within the time prescribed, need not be served.

3. APPEAL AND ERROR—DISMISSING APPEAL—REINSTATING APPEAL.

The unsworn statement of counsel for appellant, made in the absence of counsel for respondent, excusing the delay in filing the transcript on appeal, does not establish a good cause for vacating an order of dismissal within Supreme Court Rule 3, authorizing the court to restore a cause dismissed on good cause shown on notice to the adverse party.

4. APPEAL AND ERROR—DISMISSAL OF APPEAL—VACATION OF ORDER.

Where appellant failed to promptly call the attention of the supreme court to its error in dismissing an appeal under Supreme Court Rule 3, and failed to show any good cause for vacating the order of dismissal, the order would be vacated only on appellant within a specified time presenting to the court the record on appeal with a satisfactory showing by affidavit that the same was taken in good faith.

TALBOT, J., dissenting.

APPEAL from the District Court of the First Judicial District of the State of Nevada, Esmeralda County; *F. P. Langan,* Judge.

Action by J. W. Adams against Lewis H. Rogers. From a judgment for plaintiff, defendant appeals. **Order dismissing appeal conditionally vacated.**

The facts sufficiently appear in the opinion.

*McIntosh & Cook,* and *James Donovan,* for Appellant.

*Alfred Chartz,* for Respondent.

By the Court, SWEENEY, J.:

This action was originally tried in the First Judicial District Court of the State of Nevada, at Hawthorne, Esmeralda

County, on or about the 1st day of April, 1907, and judgment entered in favor of plaintiff on or about the same date. The defendant subsequently gave notice of motion for a new trial and filed a statement, and the court subsequently settled said statement, and thereafter overruled said motion for a new trial. The defendant did not appeal from said order overruling said motion for a new trial within the time allowed by law, but within the time allowed by law, on the 3d day of March, 1908, gave his notice of appeal from the judgment, and within five days thereafter perfected his said appeal to the Supreme Court of the State of Nevada by giving a bond staying execution and for costs. The appeal was perfected more than thirty days prior to the commencement of the July term of the Supreme Court of the State of Nevada, and it appears that no transcript of the record of said cause was filed in this court by said appellant. Upon the 10th day of July, 1908, and within the first week of the July term, counsel for the above-named respondent filed the following affidavit and motion in the above-entitled cause:

"Alfred Chartz, being first duly sworn, deposes and says: That he is the attorney for the plaintiff and respondent in the above-entitled action; that said action was tried before Hon. Frank P. Langan, District Judge of the First Judicial District Court of the State of Nevada, at Hawthorne, Esmeralda County, Nevada, on or about the 1st day of April, 1907, and judgment entered in favor of the plaintiff on or about the 1st day of April, 1907; that the defendant subsequently gave notice of motion for new trial and filed a statement, and the court subsequently settled said statement, and subsequently overruled said motion for new trial; that defendant did not appeal from said order overruling said motion for new trial within the time allowed by law, but that defendant within the time allowed by law, and on the 31st day of March, 1908, gave his notice of appeal from the judgment, and within five days thereafter said defendant perfected his said appeal to the Supreme Court of the State of Nevada by giving a bond staying execution and for costs; that said appeal was perfected more than thirty days prior to the commencement of the July term of the Supreme

Court of the State of Nevada; that no transcript of the record. of said cause has yet been filed in this court or any other proceeding taken by said appellant; that, under and by virtue of the provisions of Rule 3 of the Supreme Court of the State of Nevada, affiant, on behalf of plaintiff, J. W. Adams, moves the court that said appeal be dismissed."

At the next session of court following the filing of said affidavit and motion, and on the 20th day of July, 1908, the matter was presented to the court, and an order was made dismissing the appeal, which order recited that it was made in pursuance of the provisions of Rule 3 of this court, and further providing that the dismissal was subject to the right of. appellant to have the case restored "upon good cause shown and notice to the opposite party." On the 30th day of July following counsel for appellant filed and served a notice that on the 14th day of September, 1908, appellant would move the court to vacate and set aside the order dismissing the appeal on the following grounds:

"(1) That no notice of the motion to dismiss said appeal was ever served on the appellant or his attorney.

"(2) That said appeal was not set down for hearing nor was appellant notified that the cause would be heard."

.Upon the same day, to wit, July 30th, a notice was filed and served, reading:

"Comes now the appellant, and moves the court to vacate the order dismissing the appeal in the above-entitled action on the following grounds:

"(1) That no notice of the motion to· dismiss said appeal was ever served upon the appellant or his attorney.

"(2) That said motion could not be made and be of force and effect without giving notice to said appellant of the time of the hearing of said motion.

"(3) That said motion was not called up on any regular term day of said court, or upon any day at which the appellant would be obliged to take notice without first having notice served upon him."

It will be observed that the motion and notice of motion are not in accord with each other; that the motion was upon three grounds, while the notice specified but two, and in only

the first designated were they identical. In neither the notice of motion nor the motion was any question raised that the motion to dismiss did not conform to the requirements of said Rule 3. On the 3d day of August, 1908, this court made an order setting the hearing of the motion to reinstate for the 14th day of September, 1908, the date specified in appellant's notice. On the date last above mentioned counsel for appellant failed to appear. Whereupon counsel for respondent suggested to this court that appellant be allowed ten days to file a brief, respondent five days to reply, and, if the briefs be not filed, that the motion stand submitted. No brief was filed by counsel for appellant within the time allowed by order of this court. On the 28th day of September, 1908, counsel for appellant appeared in court in another cause in which he was counsel, and asked for and was granted until October 5th to file a brief in support of the motion to reinstate in this cause, counsel for respondent to have five days thereafter to reply. At the time of making this request counsel for appellant made an unsworn oral statement, to the effect that the delay in filing the statement on appeal in this court was due to the congested condition of the clerk's office in Esmeralda County. Counsel for respondent was not present when this statement and order were made.

Again, counsel for appellant failed to file any brief within the time allowed pursuant to this request. On the 5th day of October, 1908, counsel for respondent filed a motion that the order dismissing the appeal be affirmed, and that the motion to vacate the said order of dismissal be denied, which motion recited the failure of counsel for appellant to file a brief within the several times allowed by the court. This motion was not noticed or served. On the 10th day of October, 1908, five days after his time for so filing had expired, counsel for appellant filed a ten-line brief, reading in full as follows:

"In this case motion was made by the respondent's counsel to dismiss the appeal. This motion was not served upon the appellant, as the record shows. Rule 3 of the supreme court is the only rule under which a motion may be made in the supreme court to dismiss an appeal without notice, and, as this motion does not come within the provisions of said rule,

the court erred in sustaining the motion to dismiss said appeal. Wherefore the appellant respectfully requests that such motion to dismiss said appeal be vacated and the case stand of record in the supreme court to be heard upon the merits."

This brief does not appear to have been served. On November 9, 1908, an order was entered in the minutes of the court that the matter stand submitted. Rules 2 and 3 of this court provide:

Rule 2: "In all cases where an appeal has been perfected, and the statement settled (if there be one) thirty days before the commencement of the term, the transcript of the record shall be filed on or before the first day of such term."

Rule 3: "If the transcript of the record be not filed within the time prescribed by Rule 2, the appeal may be dismissed on motion during the first week of the term, without notice. A cause so dismissed may be restored during the same term, upon good cause shown, on notice to the opposite party; and, unless so restored, the dismissal shall be final and a bar to any other appeal from the same order or judgment. (2) On such motion there shall be presented the certificate of the clerk below, under the seal of the court, certifying the amount or character of the judgment; the date of its rendition; the fact and date of the filing of the notice of appeal, together · with the fact and date of service thereof on the adverse party, and the character of the evidence by which said service appears; the fact and date of the filing of the undertaking on appeal; and that the same is in due form; the fact and time of the settlement of the statement, if there be one; and also that the appellant has received a duly certified transcript, or that he has not requested the clerk to certify to a correct transcript of the record; or, if he has made such request, that he has not paid the fees therefor, if the same have been demanded."

That this court erred in dismissing the appeal upon the showing made there can be no question. Subdivision 2 of Rule 3, as above set forth, provides that the motion to dismiss shall be supported by the certificate of the clerk, and specifies what that certificate shall show. Rule 2 provides,

not only that the appeal be perfected, but that the statement, if there be one, be settled thirty days before the commencement of the term, in order to require its filing on or before the first day of the term. The showing in this case was not only made by affidavit, instead of by the clerk's certificate, but there is an absence of showing of essential facts.

The question that has occasioned this court some difficulty in determining is whether under all of the facts we ought to reinstate the appeal conceding that we technically erred in dismissing it in the first instance. It was not until nearly three months had elapsed after the appeal was dismissed, and after appellant had forfeited his rights for the second time to file a brief, did he raise the question that the motion to dismiss did not come within the provisions of said rule. Neither the notice of motion nor the motion to vacate the order of dismissal questioned the sufficiency of the motion to dismiss, but only matters of service, notice, and time of hearing. As a motion to dismiss under Rule 3 does not have to be served, the grounds stated in the motion to vacate the order could have but little, if any, force. No attempt or offer has ever been made by counsel for appellant to excuse the delay in filing the statement upon appeal, excepting the unsworn statement of counsel for appellant made in the absence of counsel for respondent. It is sufficient to simply say that this is not a proper method to establish a "good cause" for vacating an order of dismissal. There has never been any "good cause" shown for vacating the order of dismissal other than the questionable one that our attention has been called in an irregular manner to the fact that the order of dismissal was not in strict accordance with the provisions of the rule governing. No statement on appeal in the cause has ever been filed or offered for filing, nor has any contention ever been made that the appeal presents a meritorious question, or that the appellant was injuriously deprived of any substantial right by the dismissal.

Had counsel for appellant promptly called attention to our error, we should without hesitation have corrected it. We might we think now with propriety hold that counsel for appellant have waived the right to question the regularity of

the order. However, as we erred in the order of dismissal, in order that such error may not prejudice the substantial rights of appellant, we are disposed to vacate our former order upon the conditions following: It is ordered that, if appellant shall within fifteen days after notice or receipt of a copy of this opinion and order present to this court for filing the record on appeal in said cause, together with a satisfactory showing by affidavit that the appeal is taken in good faith, and not for delay. merely, the order dismissing the appeal will be vacated; otherwise not.

NORCROSS, C. J.: I concur.

TALBOT, J., dissenting:

I cannot conscientiously concur in the decision of my esteemed associates sustaining a dismissal which was unjustly and improperly made without notice, hearing, or any grounds to support it. On the 10th day of last July an affidavit and motion to dismiss the appeal was filed, which recited that the case had been tried and judgment entered in favor of the plaintiff in the lower court; that an order had been made overruling a motion for a new trial; that within the time allowed by law the defendant had appealed from the judgment, but not from the order overruling the motion for a new trial, by giving notice and a bond staying execution and for costs; that the appeal was perfected more than thirty days prior to the commencement of the July term of this court; and that no transcript has yet been filed. No certificate of the clerk as required by Rule 3 to obtain a dismissal was presented or has ever been filed in this court, and, if the affidavit could be considered in lieu of such certificate, which it cannot be under the rule nor under well-recognized principles and decisions of this and other courts, the affidavit fails to state any facts which would make a certificate sufficient, or which would justify a dismissal of the case. (*Alexander* v. *Archer*, 21 Nev. 31; *Brandon* v. *West*, 29 Nev. 138.)

When the motion was called to the attention of the court on the 20th day of July, 1908, the order was made without notice dismissing the appeal from the bench hurriedly and inadvertently without scrutinizing the affidavit under the

erroneous belief of the court that the appellant had abandoned the appeal. Later his attorney, being in court in another case and having become aware of the dismissal, stated that the delay had been caused by the fact that the clerk of the district court was so far behind with his work that he had failed to prepare the record on appeal as requested of him.

It is said now that appellant's notice of motion to vacate the order dismissing the appeal stated as grounds that no notice of the motion to dismiss was served upon the appellant or his attorney; that the appeal was not set down for hearing or appellant notified; that the notice was not called up on any regular term day of the court or day upon which appellant would be obliged to take notice without first having been served; and that the motion cannot be in force without giving notice to the appellant, but it is asserted that in neither the notice nor motion was any question raised that the dismissal did not conform to the requirements of Rule 3. I am quite unable to see any necessity for appellant to have made any reference to this rule, or how this court can justify its own error by reason of his failure to do so. The affidavit upon which the dismissal had been made did not comply with Rule 3 in any way, and failed to state the facts required to be shown in the certificate of the clerk under that rule, and especially failed to show that appellant had received a transcript or had not requested one from the clerk, or omitted to pay the fees therefor, if demanded, or that the delay had been caused by appellant or any one but the clerk, as required to be shown by a certificate under that rule, before a dismissal is to be granted.

Is there any logic, reason, or justice in the conclusion that appellant was not entitled to have the case reinstated because he failed to assert in his notice that the dismissal was not in accordance with Rule 3, when neither counsel for the respondent nor the court had in any way followed the rule in dismissing the case, and when no notice of any kind had been served upon the appellant, and he had not been informed that the dismissal had been secured under that rule? At least, the consistency of requiring a reference in the nature of a conclusion of law to the rule by appellant in his motion

when no compliance with that rule was required of respondent, or of sustaining an order made without notice or compliance with that rule depriving appellant of his right to have a hearing, and at the same time holding that he may not be restored to his right because he made no such reference in his motion, is not apparent; for the law ought to be fully as favorable to the restoration of a right as to the procedure by which it is lost. In my opinion it was not necessary for the appellant to file any motion or brief, and, if it had been, his motion designated grounds sufficient to warrant his reinstatement. Nevertheless appellant did file a brief on October 10, 1908, in behalf of his motion to reinstate, which brief was equivalent to a motion and in which it was alleged that "Rule 3 of the supreme court is the only rule under which a motion may be made in the supreme court to dismiss an appeal without notice, and as this motion does not come within the provisions of said rule the court erred in sustaining the motion to dismiss said appeal."

As respondent did not comply with Rule 3 in his affidavit and motion to have the appeal dismissed, I can see no more reason for requiring the appellant to state in his motion that the dismissal was not in compliance with that rule than to assert it was not in accordance with the "Golden Rule" or any other. There was no rule, statute, practice, or decision requiring appellant to state in his notice that the case had not been dismissed in accordance with Rule 3. If it be assumed that the present decision is to be a precedent to be followed as well as the others of this court, and that in the future it means that in every instance or case where an action is dismissed without notice or any ground therefor or compliance with any rule that the party moving to reinstate must technically assert that the action was not dismissed in accordance with Rule 3 before he can have any right to reinstatement, then it may be safely asserted that there is no way in which the appellant could have been aware of such requirement at the time he made his motion. If it is to be held that any party who has unquestionably been thrown out of court without notice and without any reason therefor cannot be reinstated without specifying something in his motion

Talbot, J., dissenting

which had never been required by any law, rule, practice, or decision, then we have passed the danger line; no one is safe, and any litigant may be helpless to maintain· his constitutional and equitable rights to have his case heard and determined by the highest court in this state.

As soon as it was stated to the court that the delay was occasioned by the failure of the clerk in not preparing the transcript after it had been demanded, and it appeared that the appellant had not abandoned the case, the court should have promptly rectified its own mistake on its own volition, set aside the dismissal made without notice, ground, or showing therefor, under the mistaken belief that appellant had abandoned the case, treated the order of dismissal as void, and restored the action to its former standing.   The court would be as much justified in dismissing every cause pending before it without any motion or showing as it was in dismissing this case without any ground therefor.   Any action which has been inadvertently dismissed *ex parte* without any showing ought to be reinstated instanter upon the mere suggestion of counsel for the appellant or the order of dismissal itself considered as unauthorized and void.   Here the appellant appealed within the time allowed by law, and, in addition to the usual necessary undertaking, gave a stay bond, which would protect the respondent in any judgment he may finally recover.   He ought not to be denied the right to have his case heard and considered on appeal by reason of any delay of the court or clerk caused by press of business at Goldfield, nor by any erroneous order made without notice in his absence.

The case ought to be reinstated, and, unless respondent complies with the rule as every other party is required to do, and files a certificate and makes a proper showing of facts indicating that the delay has been caused by the appellant, and not by the judge or clerk of the district court, it ought to be set down for hearing and argument on its merits, and the contentions of the parties heard and their rights adjudicated by this court the same as those of other litigants on appeal. Until the judge signs the order from which the appeal is taken, if taken from an order, and in any case until the clerk makes up, certifies, and furnishes the appellant with the

record, he cannot properly present his case here. Without having copies of the judgment or orders from which he appeals he would be liable to have the case dismissed, as was done in *Kirman* v. *Johnson*, 30 Nev. 146, because the order overruling the motion for a new trial had not been sent up by the clerk. This court has held at different times that, as the statute authorizes it to make rules not inconsistent with the Constitution and laws of the state for its own government and that of the district courts, such rules have the same force and effect as if they were incorporated in statutory provisions. (*Haley* v. *Eureka County Bank*, 20 Nev. 410.)

The order of dismissal, not being in compliance with any rule, statute, or practice, was clearly unauthorized. The court ought to observe its own rules, and it should not hesitate to correct any erroneous orders made in contravention of them. If there were any reasonable doubt regarding the question presented, it ought to be resolved in favor of reinstatement, to the end that the parties might be heard on the merits and their rights determined. The purpose of Rule 3 is to provide for the dismissal of cases where it is shown that the appellant has failed to take the proper steps to have the record brought to this court and is derelict on his part, but it was never intended to prevent any party from being heard on appeal because of the delay of the judge or clerk below or of this court, when, as here, no undue delay is shown to have been caused by the appellant. It is said that the record has not yet been filed, but there is no showing that the appellant is in any way responsible for this, and he ought not to be held blamable for not filing it while his motion to reinstate remains undetermined by this court, nor denied reinstatement because it is not filed pending the consideration of his motion to have the case restored.

The refusal to reinstate may amount to a denial of a hearing to a party who appealed within the time allowed by the statute and who gave an undertaking, not only for the costs of the appeal, but to pay the judgment, if it were affirmed by this court, when as far as shown he complied with every requirement, statute, decision, and rule by which he could be guided in taking the appeal and in moving to vacate the dis-

missal, which had been taken erroneously against him without notice or showing while he and his attorneys were absent in a distant part of the state. He did not file briefs within the time allowed him, but any delay in this regard was waived by respondent's counsel when he appeared in this court on November 9th, and stated that his brief and appellant's in answer thereto had been filed, and that he waived filing a further or reply brief for respondent, and asked that the motion to reinstate stand submitted. No brief ought to be required to enable this court to correct such a glaring error of its own as the dismissal of the appeal. There is no rule directing that appellant would lose any right to have the case reinstated because of his delay in filing, or failure to file, a brief, and he ought not, by reason of such delay, have a punishment inflicted upon him of which he had no warning, and especially one so severe that it may result in the denial of his right to have the merits of his case presented to this court— a right which litigants do not lose by failing to file a brief on the merits within the time allowed them by rule.

Section 3 of Rule 11 provides that a failure by either party to file points and authorities or briefs on the merits within fifteen days after filing the transcript on appeal shall be deemed a waiver of the right to orally argue the case, and that the parties so failing shall not recover costs for printing or typewriting any brief. Even if this rule were applicable to a motion like the present one, the only penalty which it would impose upon the appellant for not filing his brief in time would be the loss of his right to argue orally or recover costs of printing or typewriting a brief. Ever since the abolition of *ex post facto* laws, the rule has been elementary as held by this court in common with others that penalties and forfeitures cannot be enforced unless they are clearly specified. The order giving a stated period in which to file a brief was a privilege, and did not designate any penalty, nor imply that, if it were not filed, plaintiff would lose any right to which he is clearly entitled, except to file a brief.

The order now made requiring the appellant within fifteen days to present in this court for filing the record on appeal with an affidavit of good faith is also contrary to the spirit,

purpose, and provisions of Rule 3, not only because it unjustly throws upon the appellant the burden not required by the rule of other litigants of showing that he is entitled to a hearing in this court after he has appealed, but the order may result in a denial of his right, if the judge or clerk, over the expedition of whose work he has no control, fail upon further request to make up, sign and certify the record within that time. Rule 3 very properly allows appeals to be dismissed if there is undue delay by the appellant, but is so guarded in its terms as to prevent a dismissal for delay caused by the court or clerk for which the appellant is not to blame; but under the order of the court the appellant here may be denied his appeal because there is delay for which he is in no way responsible.

On the congested calendar of the lower court in Esmeralda County hundreds of civil cases have waited for years to be reached. Although two new judges were appointed there last fall, a large number of these still remain undetermined. That county has now been taken away from the district of the judge who heard this case and who resides in another part of the state, and it has been reported that the clerk was far behind in his work. Whether the minutes and orders in this case have ever been extended by him or finally approved and signed by the judge does not appear; and whether the clerk or judge have work or engagements which render it improbable that they can be prepared, certified, and signed within fifteen days is not shown.

The appeal ought not to be denied or endangered by any delay which is beyond appellant's control. His constitutional right to have his case heard on the merits ought not to be lost or jeopardized by the mistake of this court.

The cause ought to be reinstated, the parties heard, and their respective rights considered and determined, unless the respondent makes a proper showing under Rule 3 that there has been undue delay caused by the appellant which would warrant a dismissal.