Opinion of the Court—Sweeney, J.

[No. 1771]

J. W. ADAMS, Respondent, v. LEWIS H. ROGERS, Appellant.

1. APPEAL AND ERROR—RECORD—REVIEW—SCOPE.
Where no appeal is taken from an order denying a new trial, and there is no statement on appeal or bill of exceptions, the judgment roll alone can be considered by the supreme court.

2. APPEAL AND ERROR—RECORD—FINDINGS OF LOWER COURT.
Findings of the district court cannot be considered on appeal unless embodied in the statement of the case.

3. APPEAL AND ERROR—REVIEW—PRESUMPTIONS.
All presumptions are in favor of the regularity of the proceedings of the trial court.

TALBOT, J., dissenting.

APPEAL from the District Court of the First Judicial District of the State of Nevada, Esmeralda County; F. P. Langan, Judge.

Action by J. W. Adams against L. H. Rogers. Judgment for plaintiff, and defendant appeals. **Appeal dismissed.**

The facts sufficiently appear in the opinion.

*McIntosh & Cook*, and *James Donovan*, for Appellant.

*Alfred Chartz*, for Respondent.

By the Court, SWEENEY, J.:

On April 21, 1909, we made the following order: "It is ordered that, if appellant shall within fifteen days after notice or receipt of a copy of this opinion and order present to this court for filing the record on appeal in said cause, together with a satisfactory showing by affidavit that the appeal is taken in good faith, and not for delay merely, the order dismissing the appeal will be vacated; otherwise not." Within the time allowed by such order appellant presented for filing his record on appeal, together with his affidavit. The affidavit discloses that the only question which appellant seeks to raise is alleged irregularity of the trial court in denying defendant's demand for a trial by jury.

No appeal was taken from the order denying defendant's motion for a new trial, and the record presented for filing discloses that there was no statement on appeal or bill of

Talbot, J., dissenting

exceptions ever settled or filed. The only thing this court could consider would be the judgment roll, and the alleged irregularity does not appear upon the face thereof. (*Kirman* v. *Johnson*, 30 Nev. 146; *Williams* v. *Rice*, 13 Nev. 234; *Nesbitt* v. *Chisholm*, 16 Nev. 39; *Robinson* v. *Benson*, 19 Nev. 331; *Reinhart* v. *Company D*, 23 Nev. 369.)

The judgment recites: "A trial by jury having been expressly waived by the counsel for the respective parties in manner and form stated in the findings of facts filed herein, the cause was tried by the court sitting without a jury." This court has repeatedly held that the findings of the district court cannot be considered on appeal unless embodied in the statement of the case. (*Hanson* v. *Chiatovich*, 13 Nev. 395; *Alderson* v. *Gilmore*, 13 Nev. 84; *Nesbitt* v. *Chisholm*, 16 Nev. 40; *Beck* v. *Lodge*, 18 Nev. 246; *Simpson* v. *Ogg*, 18 Nev. 28; *Bowker* v. *Goodwin*, 7 Nev. 135; *Imperial Co.* v. *Barstow*, 5 Nev. 252; *Corbett* v. *Job*, 5 Nev. 201; *Thomas* v. *Blaisdell*, 25 Nev. 223; *Beck* v. *Thompson*, 22 Nev. 109: *Smith* v. *Wells*, 29 Nev. 415; *Burbank* v. *Rivers*, 20 Nev. 81.) All presumptions being in favor of the regularity of the proceedings of the trial court, we would be bound upon the face of the judgment to presume that a jury was regularly waived. It would therefore appear that, even if we considered the affidavit of appellant required by the former order of this court sufficient, the appeal would nevertheless be futile. While "affiant further says that this affidavit is made in good faith, and not for delay," he yet fails to satisfactorily show that the appeal was not taken for delay as required by the order of the court, as no sufficient excuse, we think, has been presented for the long delay in preparing and presenting for filing any sort of a record in this court. The record presented discloses that it was not made up and certified to by the clerk until after the order of this court of April 21, 1909 (31 Nev. 150).

The order dismissing the appeal will stand.

NORCROSS, C. J.: I concur.

TALBOT, J., dissenting:

As it is admitted that the appeal was improperly dismissed and the appellant has had the full record certified to this

court within the time allowed by the order permitting the restoration of the case, and considering the contentions and matters presented by the record and by appellant's affidavit, in my judgment the appeal ought to be first restored, and the appellant given an opportunity to argue and present his claims on the merits to the same extent to which he would have been entitled if the appeal had not been erroneously dismissed.